■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD FRISBEE, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered April 21, 1975, upon a verdict convicting defendant of two counts of rape in the first degree and sentencing him to two concurrent terms of imprisonment of not less than six and two-third years or more than 20 years. As a result of incidents involving a 12-year-old girl, defendant was indicted by the October 1971 Term of the Chemung County Grant Jury on two counts of rape in the first degree. Following a nonjury trial, he was convicted on both counts and sentenced to two concurrent terms of imprisonment of six and two-third years to 20 years each. This appeal ensued. Initially, we find no error in the trial court's decision, on August 30, 1974, not to conduct a hearing to determine defendant's competency to stand trial. Such a decision was within the discretionary power of the court (see CPL 730.30, subd 2), and in this instance defendant's expressed desire to stand trial was buttressed by the conclusion of his doctors that he was fit to proceed. Moreover, in the absence of any additional psychiatric evidence, defendant's counsel likewise made no request for a hearing. Similarly, it was not error for the trial court to deny defendant's motion made during the course of his trial for a suppression hearing and to refuse to consider sexual misconduct (Penal Law, § 130.20) as a lesser included offense. Since defendant was apprised before trial of the items seized by the police from his automobile, his motion to suppress this evidence should have been made before trial (CPL 710.40). As for lesser included offenses, any facts establishing sexual misconduct here would

necessarily have established rape in the second degree (Penal Law, § 130.30) because of the involvement of a 12-year-old victim, and, therefore, the court could not consider sexual misconduct as a lesser included offense *(People v Mussenden,* 308 NY 558; *People v Law,* 48 AD2d 228). Defendant's remaining contentions are also without merit. In view of the overwhelming evidence of defendant's guilt, all of which evidence the prosecution made available to him before trial, it cannot be said that defendant's alleged inability to remember what transpired on the day of the charged rapes served to deny him a fair trial (see *Wilson v United States,* 391 F2d 460; *People v Francabandera,* 33 NY2d 429). With regard to the sentences imposed, they were clearly within the statutory limitations for defendant's class B felony convictions (Penal Law, § 70.00, subds 2, 3), and no extraordinary circumstances are presented which would warrant our disturbance thereof *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Main, JJ., concur.