■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLENE J. EVANS, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered November 15, 1976, convicting defendant upon her plea of guilty of the crime of rape in the first degree. Defendant pleaded guilty to an accusation of rape in the first degree in satisfaction of an indictment charging her with that offense as well as the crimes of first degree sodomy, unlawful imprisonment and second degree assault. Her contention on appeal that she could not properly be convicted of that crime is wholly without merit. The indictment alleged that she and another had intentionally aided a male codefendant in having sexual intercourse with the female victim by forcible compulsion. Defendant admitted her participation in the incident before her guilty plea was accepted. Essentially, this involvement consisted of beating and holding the victim down while the male codefendant had intercourse with her. That being the case, defendant's liability for the conduct of her associates stands adequately established (Penal Law, § 20.00) and the fact that she is legally incapable of committing such an offense in her individual capacity has no effect on these proceedings (Penal Law, § 130.35, subd 1; § 20.05, subd 3; see *People v Merfert,* 87 Misc 2d 803; *People v Reilly,* 85 Misc 2d 702, 708-710). Defendant was sentenced to an indeterminate period of imprisonment with a minimum term of 8⅓ and a maximum term of 25 years (Penal Law, § 70.00, subd 2, par [b]; subd 3, par [b]). Her remaining argument that the sentence was unduly harsh and excessive is, under the circumstances of this case, without merit *(People v Frisbee,* 55 AD2d 996; *People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.