■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY P. WEECH, Appellant. — Case held, decision reserved, and matter remitted to Supreme Court, Monroe County, for a hearing in accordance with the following memorandum: If the only basis for defendant's motion for a pretrial competency hearing had been defendant's claimed amnesia, the posttrial hearing which was held would have been sufficient to establish that defendant had not been deprived of a fair trial (see *People v Francabandera,* 33 NY2d 429). Here, however, the court had ordered an examination pursuant to CPL article 730 to determine defendant's fitness to stand trial, yet the procedures were not effected. "Once the procedure mandated by CPL article 730 had been invoked, the defendant was entitled to a full and impartial determination of his mental capacity" (*People v Armlin,* 37 NY2d 167, 172). On remand it should be possible to reconstruct defendant's mental capacity at the time of trial by means of contemporaneous observations and records (see *People v Armlin,* 37 NY2d 167, *supra; People v Gonzalez,* 20 NY2d 289; *People v Hudson,* 19 NY2d 137; cf. *People v Peterson,* 40 NY2d 1014 [in which there had been no examination to determine competence at the time of trial]). (Appeal from judgment of Supreme Court, Monroe County, Boomer, J. — murder, second degree.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ.

■ LAWRENCE WHITFIELD, Respondent, v NORTHSIDE SURGEONS, P. C., Defendant, and HERBERT SCHMUGLER, Appellant. — Appeal unanimously withdrawn, without costs, upon stipulation. (Appeal from order of Supreme Court, Monroe County, Curran, J. — dismiss complaint.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ.