■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TOMLIN COLEMAN, Respondent. — Order, Supreme Court, Bronx County (Ernst Rosenberger, J.), entered January 24, 1984, which granted defendant's motion to dismiss three criminal possession of weapons counts from a consolidated indictment, is unanimously reversed, on the law, the motion denied and the counts reinstated.

During October, 1982, defendant, a New York City police officer, who was assigned to the Public Morals Division of the Police Department, met an undercover New York City police officer named Murano (Murano), who was posing as a member of organized crime. Murano told defendant that he was interested in obtaining, *inter alia,* firearms, which he intended to use to commit armed robberies and "contract" killings. Thereafter, defendant, unaware that Murano was a police officer, sold Murano: (1) in Queens County, on November 16, 1982, two unregistered pistols for $1,000; and, (2) in Bronx County, on November 22, 1982, a loaded revolver for $500. As a result of these illegal gun transactions, defendant was indicted separately in Bronx and Queens Counties, and, subsequently, those indictments were consolidated.

Since the defendant, as a police officer, is statutorily exempt (Penal Law, § 265.20, subd a, par 1, cl [b]) from prosecution for commission of the crimes of criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]) and in the fourth degree (Penal Law, § 265.01, subd [1]), the Grand Jury charged the defendant as an accessory (Penal Law, § 20.00), in that defendant aided and abetted Murano in his possession of the weapons mentioned *supra.* Therefore, based upon this theory of accessorial liability, the consolidated indictment charges defendant with one count of criminal possession of a weapon in the third degree and two counts of criminal possession of a weapon in the fourth degree.

After consolidation, defendant moved to dismiss these three counts. Trial Term granted that motion since it ruled that the police officer exemption precludes defendant's prosecution as an accessory. We disagree.

We hold that defendant's statutory exemption applied only to those substantive crimes listed in subdivision a of section 265.20 of the Penal Law and accessorial liability (Penal Law, § 20.00) is not listed among them. Thus, "the fact that [defendant] is [statutorily] incapable of committing such an offense in [his] individual capacity has no effect on [his liability as an accessory]" (*People v Evans,* 58 AD2d 919 [material in brackets added]). Further, subdivision 1 of section 20.05 of the Penal Law reads in pertinent part: "In any prosecution for an offense in which the criminal liability of the defendant is based upon the conduct of another person pursuant to section 20.00, it is no defense that: 1. Such other person is not guilty of the offense in question owing to * * * exemption".

Accordingly, although Murano possessed the purchased guns legally, due to his police officer status, defendant, as Murano's

accomplice, is barred by subdivision 1 of section 20.05 from pleading Murano's exemption as a defense. Concur — Kupferman, J. P., Sullivan, Ross, Silverman and Bloom, JJ.