■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WEECH, Appellant. — Case held, decision reserved and matter remitted to Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: On appeal from defendant's judgment of conviction of murder in the second degree, we remitted the case to Trial Term for proceedings to reconstruct defendant's competency to stand trial (*People v Weech*, 98 AD2d 952). Pursuant to CPL article

730, Trial Term designated the director of the Monroe County Community Mental Health Services who appointed Dr. Wellington Reynolds and Dr. Odysseus Adamides to render an opinion as to whether, at the time of trial, defendant was an incapacitated person. Dr. Reynolds had examined defendant shortly before the trial so that his opinion that defendant was competent was based on contemporaneous personal observations. Dr. Adamides based his opinion on his review of Dr. Reynolds' report, a contemporaneous report of a psychiatric social worker, and a contemporaneous report of a psychiatrist who had examined defendant at the direction of the court with regard to his defense of insanity. Additionally, Dr. Adamides examined a letter which defendant had written at the time of trial and the defendant's chart from the Monroe County Mental Health Clinic. On the basis of those records, he concluded that there was no indication that defendant was incapacitated and therefore that he was competent to stand trial. Adhering to his position that a reconstruction proceeding was impossible, the defendant did not challenge the psychiatric opinions and did not ask for a hearing. The People submitted no proof and did not request a hearing. Consequently, the court merely forwarded the opinions of the two psychiatrists without making a determination. By way of motion to this court, defendant now challenges the credentials of Dr. Reynolds and asserts that Dr. Reynolds is neither a diplomate of the American Board of Psychiatry and Neurology nor eligible to be so certified (CPL 730.10, subd 5, par [a]).

The matter must be remitted once more for an adversary inquiry into defendant's competency at the time of trial (see *People v Wright*, 105 AD2d 1088).

In our memorandum remitting the case to Trial Term (98 AD2d 952, *supra*), we indicated that a reconstruction proceeding of the type contemplated in *People v Armlin* (37 NY2d 167), *People v Gonzalez* (20 NY2d 289) and *People v Hudson* (19 NY2d 137) should be conducted. In those cases the Court of Appeals recognized that, although it is impossible to have a posttrial article 730 proceeding, it is possible to reconstruct the mental capacity of defendant at the time of trial through an adversary inquiry and thus preserve "[a]ll the safeguards of a concurrent determination" (*People v Hudson*, 19 NY2d, at p 140). Such adversary hearing then becomes the functional equivalent of a pretrial article 730 proceeding.

At such hearing it would be appropriate to introduce the testimony of Dr. Reynolds. The fact that he may not be a "qualified psychiatrist" (CPL 730.10, subd 5, par [a]) does not

mean that his testimony may not be considered. He is qualified to state his expert opinion as to defendant's competency, subject to cross-examination. Should the court deem it necessary, it may call an additional qualified psychiatrist. Similarly, the psychiatrist who examined defendant in connection with his defense of insanity could be called upon to testify with respect to defendant's mental status at the time of his examination. Additionally, the psychiatric social worker and psychiatric nurse who observed defendant could be called upon to testify as could defense counsel and the Trial Judge (see *People v Hudson, supra,* p 140). Our reference to the afore-mentioned persons is meant to be illustrative only and merely indicates that there may be sufficient evidence on which defendant's competency to stand trial can be ascertained even at this date and that the Court of Appeals has clearly placed its imprimatur on such proceeding.

*People v Peterson* (40 NY2d 1014), relied on by defendant, is distinguishable because there had been no contemporaneous psychiatric examination of defendant in that case. (Resubmission of appeal from judgment of Supreme Court, Monroe County, Boomer, J. — murder, second degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.