■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT WRIGHT, Appellant. — Case held, decision reserved, and matter remitted to Monroe County Court for further proceedings, in accordance with the following memorandum: Defendant, on appeal from his conviction after a jury trial of assault, first degree, stemming from an incident in which he stabbed his girlfriend 18 times, urges that the trial court erred in failing to make pretrial and posttrial determinations concerning the ability of defendant, who could not remember anything concerning the incident to receive a fair trial (see *Wilson v United States,* 391 F2d 460; *People v Francabandera,* 33 NY2d 429; *People v Frisbee,* 55 AD2d 996). Our review of the record in light of the factors outlined in *Wilson* and approved in *Francabandera* leads us to conclude that defendant's amnesia did not deprive him of a fair trial. We note in particular that the evidence of defendant's guilt — including testimony of the victim and of an eyewitness to the stabbing — is overwhelming; that the prosecution made available all of its evidence to defense counsel; and that defendant was able adequately to place before the jury the only defense he attempted to raise, i.e., that he was taking medication which could account for his actions.

Defendant also argues that the court, which prior to trial had ordered an examination pursuant to CPL article 730 to determine defendant's fitness to stand trial, improperly failed to follow through with these procedures. We agree. Once a court makes a preliminary determination of incompetence to stand trial, the procedures of CPL article 730 must be followed (see *People v Armlin,* 37 NY2d 167, 170-172). Because it appears that at least one competency examination took place shortly before the trial as well as other psychiatric examinations, it should be possible to reconstruct defendant's mental capacity at the time of trial by means of contemporaneous observations and records (see *People v Armlin,* 37 NY2d 167, *supra; People v Gonzalez,* 20 NY2d 289, cert den 390 US 971; *People v Hudson,* 19 NY2d 137, cert den 398 US 944). A hearing should be held at which testimony of defense counsel and the Trial Judge, among others, may be taken (see *People v Hudson, supra,* p 140; *People v Weech,* 105 AD2d 1085). Such hearing should be held by a Judge other than the Trial Judge. We note that the People have the burden of proving defendant's competence by a fair preponderance of the evidence (see *People v Santos,* 43 AD2d 73).

In view of the medical testimony, we reject defendant's claim that the victim, who suffered a total collapse of the left lung and a partial collapse of the right lung as a result of the stab wounds, did not suffer a "serious physical injury" (Penal Law, § 10.00, subd 10) necessary to support the conviction of assault, first

degree (Penal Law, § 120.10, subd 1). Nor is there merit to defendant's contention that the court erred in refusing to submit to the jury a charge of criminally negligent assault (assault, third degree, Penal Law, § 120.00, subd 3) as a lesser included offense of assault, first degree. There is no reasonable view of the evidence which would support a finding that defendant in kneeling over the victim and stabbing her 18 times "fail[ed] to perceive a substantial and unjustifiable risk" that injury would occur (Penal Law, § 15.05, subd 4; see CPL 300.50, subd 1; *People v Glover*, 57 NY2d 61; *People v Green*, 56 NY2d 427). (Appeal from judgment of Monroe County Court, Celli, J. — assault, first degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.