■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES BRUCE ACOMB, Respondent.—Order unanimously reversed, on the law, and indictment reinstated. Memorandum: Defendant's omnibus motion included a motion to inspect the Grand Jury minutes. County Court reviewed the minutes but made no determination of the legal sufficiency of the evidence. Instead, it dismissed the indictment on the ground that a hearsay statement of a Grand Jury witness impaired the integrity of the Grand Jury proceeding and prejudice to the defendant may result (CPL 210.35 [5]). Leave to resubmit to another Grand Jury was granted.

The hearsay was a brief nonresponsive answer to the effect that the decedent was going to meet the defendant. The District Attorney immediately interrupted the statement and instructed the Grand Jury to ignore what the witness had said. We cannot agree that this isolated comment, followed immediately by a cautionary instruction, could have impaired the integrity of the proceeding, or that there is any likelihood that it could have affected the jurors' vote to return a true bill (see, People v Calbud, Inc., 49 NY2d 389). The Grand Jury proceeding was not defective within the meaning of CPL 210.20 (1) (c) or 210.35 (5). The order, therefore, must be reversed and the indictment reinstated.

In the interest of judicial economy, we have inspected the Grand Jury minutes and we find that the evidence before that body was legally sufficient to satisfy the requirements of CPL 190.65 (1). (Appeal from order of Monroe County Court, Celli, J.—dismiss indictment.) Present—Dillon, P. J., Doerr, Denman, Boomer and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD KINDER, Appellant.—Case held, decision reserved and matter remitted to Supreme Court, Monroe County, for a hearing, in accordance with People v Weech (98 AD2d 952). (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—manslaughter, first degree.) Present—Dillon, P. J., Doerr, Denman and Boomer, JJ.