■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WEECH, Appellant.—Judgment unanimously reversed, on the law, and defendant remanded to Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: Defendant was charged with murder in the second degree for the strangulation killing of his girlfriend, Charlotte Arline, on May 15, 1979. Undoubtedly prompted by a statement defendant had given to the police in which he recounted several bizarre attempts at suicide which later proved to be unfounded, defense counsel requested and the trial court ordered "a full examination to determine his competency to stand trial and also his competency or mental state at the time of the commission of the crime" (CPL art 730). Defendant had previously been examined by a psychiatrist pursuant to an order of the City Court Judge who had arraigned him. The report of that examination, which was not conducted under CPL article 730, indicated that defendant was competent to stand trial. In an appearance before the trial court, defense counsel stated that he had reviewed the report and its opinion that defendant was competent to stand trial. He neither excepted to the report nor moved for further examination. Subsequently, on application by the People, the court ordered a mental examination pursuant to Penal Law § 30.05 in response to a notice that defendant intended to raise the defense of insanity. Some months later, when the case was called for trial, defense counsel requested a competency hearing pursuant to CPL 730.20 (1), on the grounds that defendant was unable to recall events during a 30- to 36-hour period immediately prior and subsequent to the death of Charlotte Arline. In denying the request the court noted that defendant had ben examined both at the Mental Health Clinic and by a private psychiatrist and that, in his opinion, further examinations were not warranted.

Defendant was tried and convicted of second degree murder.

Prior to imposing sentence the court held a posttrial hearing to determine whether defendant's claimed amnesia had prevented him from having a fair trial. At the conclusion of the hearing, the court made a fact finding that defendant had been competent to stand trial, that he was feigning amnesia, that he was able to understand the nature of the charges against him and to assist in his defense and that he had received a fair trial. Defendant was sentenced to an indeterminate term of 25 years to life.

On appeal defendant argued that his trial was fatally flawed because the procedures mandated by CPL article 730 had not been complied with, citing *People v Armlin* (37 NY2d 167, 172), which states that "[o]nce the procedure mandated by CPL article 730 had been invoked, the defendant was entitled to a full and impartial determination of his mental capacity". We agree that once article 730 proceedings are set in motion, the requirements of that article must be met. Rather than reversing the judgment of conviction, however, we remitted the matter for a retrospective determination of competency *(see, People v Armlin, supra; People v Gonzalez,* 20 NY2d 289, *cert denied* 390 US 971; *People v Hudson,* 19 NY2d 137, *cert denied* 398 US 944; *People v Weech,* 98 AD2d 952). On remittitur, instead of calling appropriate witnesses for an evidentiary hearing, the People merely produced an opinion from Dr. Reynolds, the psychiatrist who had examined defendant during his pretrial incarceration, and written opinions from two psychiatrists and a psychologist who had not examined defendant but had merely reviewed Dr. Reynolds' records. Without holding a hearing and without making a determination on the issue of competency, the court merely forwarded those medical opinions to our court. We again remitted the case with specific guidelines as to what was expected in an adversary hearing on remittitur *(People v Weech,* 105 AD2d 1085).

A hearing was held at which only two witnesses were called: Dr. Reynolds and Dr. Barton, the psychiatrist who had examined defendant with respect to his defense of insanity. Their testimony consisted of conclusory statements that defendant was competent based on their review of records made in 1979. The hearing court, relying on the testimony of those doctors and on the reports submitted on the earlier remittitur, found that defendant had been competent to stand trial. Defendant appeals once more contending that remittitur for a retrospective determination of competency is not legally permissible; that the hearing produced insufficient evidence to support a

finding of competency; and that other issues raised on the original appeal would, in any event, require reversal.

We have recognized that a retrospective determination of competency can be made by means of a reconstruction hearing and that such procedure may constitute the "functional equivalent" of a pretrial article 730 hearing *(see, People v Lowe,* 109 AD2d 300; *People v Wright,* 105 AD2d 1088; *People v Weech,* 105 AD2d 1085, *supra).* In *People v Lowe (supra)* we recently set out the factors to be considered in determining whether reconstruction is appropriate in a given case. The flaw in this remittitur was not that such reconstruction cannot be made but that the People completely failed to understand the nature of a reconstruction hearing. Although we had pointed out specifically that appropriate witnesses might include the Trial Judge, defense counsel, and other people who had an opportunity to make contemporaneous observations of defendant, the People failed to avail themselves of those witnesses. Instead, the People called two doctors who had examined defendant prior to trial but elicited from them only conclusory opinions that defendant was competent, without eliciting any factual basis for such conclusions. Thus the failure of the proceeding lay not with the procedure itself, but rather with the failure of the People to introduce the requisite proof. Because there was no evidentiary basis for the opinions ventured by the two psychiatrists, who testified from records and reports made in 1979 with little if any actual recall, there was nothing from which a fact finder could make a determination of competency. Thus the court erred in finding defendant competent without any evidence to support that determination. The matter must therefore be remitted for a new examination pursuant to article 730 after which, if defendant is found competent, he will be entitled to a new trial. (Second resubmission of appeal from judgment of Supreme Court, Monroe County, Boomer, J.—murder, second degree.) Present—Callahan, J. P., Denman, O'Donnell, Pine and Schnepp, JJ.