■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MADDICKS, Appellant.—Appeal from the judgment of the Supreme Court, New York County (James Leff, J.), rendered on February 22, 1983, which convicted defendant, fol-

lowing a jury trial, of four counts of murder in the second degree, one count of attempted murder in the second degree, four counts of robbery in the first degree and two counts of burglary in the first degree and sentenced him, as a predicate felon, to two concurrent, indeterminate prison terms of from 25 years to life on two of the murder counts to run consecutively to two additional 25-year-to-life terms for the remaining two murder counts, and also sentenced him to 12½-to-25-year terms for each of the seven attempted murder, robbery and burglary counts, to run consecutively to each other to the extent permitted by law with all the foregoing terms to run consecutively to the time remaining on defendant's 1976 conviction for burglary, is held in abeyance pending remand of the instant matter for a hearing pursuant to CPL article 730.

Defendant moved prior to trial for a psychiatric examination to determine if he possessed the requisite capacity to stand trial. Thereafter, pursuant to court order, two psychiatrists examined defendant and found him not to be incapacitated. Defendant's lawyer also retained his own psychiatrist, whose findings were inconclusive. Then, citing the report of the defendant's psychiatrist, as well as his own inability to communicate with his client, defendant's attorney, after first requesting and being denied an adjournment, moved for a competency hearing. The court denied the motion and proceeded to trial.

CPL 730.30 (2) mandates that "[w]hen the examination reports submitted to the court show that each psychiatric examiner is of the opinion that the defendant is not an incapacitated person, the court * * * must conduct a hearing upon motion therefor by the defendant or by the district attorney." The fact that defense counsel did not request such a hearing until after he had received an evaluation from his own expert did not constitute an unreasonable delay, nor does the statute require that defendant, in order to avail himself of the right to a competency hearing, bring the motion immediately upon issuance of the report of the court-appointed psychiatrists. Indeed, the procedure set forth in CPL article 730 is available at any time after arraignment and before the imposition of sentence. (CPL 730.30 [1].) Since the court was compelled to conduct a hearing upon defendant's request once the article 730 procedure was invoked *(People v Wright,* 105 AD2d 1088), decision with regard to the other arguments raised herein will be held in abeyance pending a determination on the issue of defendant's mental capacity at the time of

trial. Concur—Sullivan, J. P., Fein, Lynch, Milonas and Kassal, JJ.