THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RICHARD KINDER, Appellant.

Fourth Department, February 27, 1987

*Robert King* for appellant.

*Howard R. Relin, District Attorney (Robert Mastrocola* of counsel), for respondent.

## OPINION OF THE COURT

BOOMER, J.

The principal question posed by this appeal is whether, in a posttrial competency hearing, the attorney-client privilege precludes the court from compelling trial counsel to testify concerning his client's ability to communicate with counsel and cooperate in his defense. We determine that it does not, and based in part upon the testimony of defendant's trial counsel, we adopt the hearing court's finding that defendant was competent to stand trial.

After hearing defendant's appeal from a judgment convicting him of manslaughter in the first degree, we reserved decision and remitted the matter to Supreme Court to conduct a reconstruction hearing to determine whether defendant was competent to stand trial *(see, People v Kinder,* 115 AD2d 322). Before trial, the court had ordered a competency examination pursuant to CPL chapter 730, and defendant was examined by a psychiatrist and a psychiatric nurse who reported to the court that defendant understood the charge against him and could cooperate in his defense. They also reported that there was no competency issue worth pursuing, but if the court desired a formal examination, it could be provided.

Thereafter, neither the court, the District Attorney, nor defense counsel requested a formal examination or a competency hearing. Nevertheless, we held that the court erred in proceeding with the trial without obtaining a second psychiatric report, for "[o]nce the procedure mandated by CPL article 730 had been invoked, the defendant was entitled to a full and impartial determination of his mental capacity", and that this issue "may be raised on appeal despite the absence of any objection to the trial court's failure to cause the defendant to be examined" *(People v Armlin,* 37 NY2d 167, 172). This error did not necessarily require a reversal and a new trial; we had the authority to remit the matter for a reconstruction hearing to determine defendant's competency at the time of trial *(see, People v Hudson,* 19 NY2d 137, *cert denied* 398 US 944; *People v Weech,* 98 AD2d 952).

At the conclusion of the reconstruction hearing, the court

found that defendant was competent at the time of trial and the case was returned to us to decide the appeal. Defendant now raises two issues. He argues first that the hearing court erred in compelling defendant's trial counsel to testify concerning defendant's capacity to stand trial over objection that such testimony was precluded by the attorney-client privilege, and second that the evidence at the reconstruction hearing was insufficient to establish defendant's competency at the time of trial.

Although New York courts have indicated that defense counsel may testify at a competency reconstruction hearing *(see, People v Hudson,* 19 NY2d 137, 140, *supra; People v Wright,* 105 AD2d 1088; *People v Weech,* 105 AD2d 1085, 1087, *supra),* no New York court has discussed the question whether counsel may do so when the client asserts his attorney-client privilege. Federal courts and courts in other States have considered the question and have concluded that testimony by an attorney concerning the competency of his client to stand trial is not precluded by assertion of the privilege *(see, Darrow v Gunn,* 594 F2d 767 [9th Cir 1979], *cert denied* 444 US 849; *Malinauskas v United States,* 505 F2d 649 [5th Cir 1974]; *Clanton v United States,* 488 F2d 1069 [5th Cir 1974], *cert denied* 419 US 877; *United States v Tom,* 340 F2d 127 [2d Cir 1965]; *United States v Kendrick,* 331 F2d 110 [4th Cir 1964]; *Howell v United States,* 282 F Supp 246 [ND Ill 1968], *affd* 442 F2d 265 [7th Cir 1971]; *Bishop v Superior Ct.,* 150 Ariz 404, 724 P2d 23 [1986]; *People v Bolden,* 99 Cal App 3d 375, 160 Cal Rptr 268 [1979]; *Underwood v State,* 553 SW2d 869 [Mo Ct App 1977]; *State v White,* 1 NC App 219, 161 SE2d 32 [1968]). Sound reasons support the conclusion reached by these courts.

Because the assertion of the attorney-client privilege " 'constitutes an "obstacle" to the truth-finding process * * * [its] invocation * * * should be cautiously observed to ensure that its application is consistent with its purpose.' " *(Matter of Priest v Hennessy,* 51 NY2d 62, 68; *accord, Beard v Ames,* 96 AD2d 119, 121.) The purpose of the privilege is: "to foster openness between counsel and client so that legal problems can be thoroughly and accurately analyzed" *(Matter of Vanderbilt [Rosner—Hickey],* 57 NY2d 66, 76); "to ensure that one seeking legal advice will be able to confide fully and freely in his attorney, secure in the knowledge that his confidence will not later be revealed to the public to his detriment or his embarrassment" *(People v Mitchell,* 58 NY2d 368, 373; *accord, Matter of Priest v Hennessy,* 51 NY2d 62, 67-68, *supra).*

Consistent with its purpose, the privilege protects from disclosure the substance of the communications, not the demeanor and mental capacity of the client during these communications, for in the usual case the client intends that only the substance of the communications be held in confidence. As explained in *United States v Kendrick* (331 F2d 110, 113-114), quoted in *Clanton v United States* (488 F2d 1069, 1071, *supra):* "Excluded from the privilege, also, are physical characteristics of the client, such a his complexion, his demeanor, his bearing, his sobriety and his dress. Such things are observable by anyone who talked with the client, and there is nothing, in the usual case, to suggest that the client intends his attorney's observations of such matters to be confidential. In short, the privilege protects only the client's confidences, not things which, at the time, are not intended to be held in the breast of the lawyer, even though the attorney-client relation provided the occasion for the lawyer's observation of them." Here, as in *United States v Kendrick* (331 F2d 110, 114, *supra):* "All of the matters to which the attorney testified are objectively observable particularizations of the client's demeanor and attitude. Made at a time when neither client nor lawyer manifested any reason to suppose they were confidential, they were not within the privilege. Certainly, the client was then making no secret of his capacity, or want of capacity to communicate with his attorney and to cooperate in his defense."

Defendant argues that, although his attorney was not compelled to reveal the substance of any confidential communications in testifying to his client's understanding of the trial process and the nature of the case against him, such testimony should have been barred because it was based upon communications between attorney and client, and effective cross-examination was impossible without violating the attorney-client privilege by inquiring into the substance of the communications. There are two answers to this argument.

First, the argument "is speculative * * * Effective cross-examination need not go so far." *(United States v Kendrick, 331 F2d 110, 114, supra.)* Hearing counsel should have been able to frame questions designed to show defendant's inability to communicate, without revealing confidential communications. Other than by speculation, defendant has failed to indicate how he has been prejudiced by any impediment to cross-examination of his trial counsel.

Second, the possibility that cross-examination may be re-

stricted to some degree because of the attorney-client privilege is not sufficient to override the compelling interest of all concerned in a correct determination of the issue of defendant's competency to stand trial. A defendant's competency at the time of trial goes to the heart of his constitutional right to counsel. It is a fundamental constitutional mandate that a defendant may not plead or stand trial unless he has " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' " (*Dusky v United States,* 362 US 402). Obviously, trial counsel has the best opportunity to provide evidence concerning the ability of his client to consult with counsel and understand the proceeding against him. Excluding the testimony of trial counsel deprives the court of highly probative evidence of a defendant's competency, and may lead to an erroneous determination of the issue. A defendant, on the other hand, has no legitimate interest in precluding his attorney from testifying concerning his ability to stand trial. Only if trial counsel is able to raise the issue and testify to his client's inability to communicate and cooperate in his defense, can an incompetent client's constitutional rights be adequately protected. If the client is, in fact, competent, he has no legitimate interest in preventing his counsel from testifying to his competency.

Professor William Pizzi, in his article, *Competency to Stand Trial in the Federal Courts: Conceptual and Constitutional Problems* (45 U Chi L Rev 21 [1977] [cited in *Bishop v Superior Ct., supra]),* points out that, unlike the trial on the issue of guilt, the hearing to determine a defendant's competency to stand trial is not an adversarial proceeding. It is the duty of all involved, the court, the prosecutor, and defense counsel, to raise the issue of incompetency whenever they have reasonable cause to believe that a defendant may be incompetent. As Professor Pizzi explains:

"Although it is the court's responsibility to determine the issue of competency, counsel has the obligation, flowing from his duty to protect his client's rights, to see that the issue is decided correctly. As with the question of raising the competency issue, counsel is not free to chart an adversary course at the hearing based on his view of the client's best interests * * *

"[C]ounsel's obligation to protect the defendant's rights entails the duty to aid the court in making the correct competency decision and a court should be free to make such an inquiry of defense counsel" (Pizzi, *op. cit.,* at 58, 59).

Thus, the speculative possibility that cross-examination of trial counsel might have been hampered when he was permitted to testify that defendant was coherent and that he understood the trial process and the nature of the case was not sufficient reason to exclude such testimony. We conclude, therefore, that the hearing court did not err in compelling defendant's trial counsel to testify to these conclusions.

We also determine that the evidence at the reconstruction hearing was sufficient to establish defendant's competency at the time of trial. A psychiatrist and a psychiatric nurse testified that when they examined defendant several months before trial he was coherent, responsive to questions, well aware of the charges against him, and was cooperating with his attorney. Based on this examination, they had not the slightest doubt that defendant was competent to stand trial. The Trial Justice testified that he did not recall any abnormal actions on the part of defendant during trial and the prosecutor recalled that defendant appeared normal, listened to the witnesses, and conferred with counsel. The Sheriff's Deputies who guarded defendant during the time of trial testified that they observed defendant and spoke with him, and that he appeared normal, was coherent, and understood what was going on about him. The nurses at the jail testified that defendant exhibited no mental or physical problems during his confinement. Finally, highly probative in proving defendant's competency to stand trial was the testimony of trial counsel, who said that before and at trial defendant appeared normal in dress and manner, was coherent, and understood the trial process and the nature of the case.

We have examined the other issues raised by defendant and find them to be without merit.

Accordingly, the judgment of conviction should be affirmed.

DOERR, J. P., DENMAN, BALIO and LAWTON, JJ., concur.

Judgment unanimously affirmed.