■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE FOOTMAN BEY, Appellant.—Case held, decision reserved, and matter remitted to Monroe County Court for a hearing, in accordance with the following memorandum: In this consolidated appeal from a judgment of conviction and denial of defendant's posttrial motion (CPL 440.10), defendant contends that the court failed to follow CPL article 730 in determining defendant's competency to stand trial because one of his court-appointed examiners is not a "qualified psychiatrist" within the meaning of CPL 730.20 (1). In support of his motion, defendant specifically contended that Dr. Reynolds is not a diplomate of the American Board of Psychiatry and Neurology or eligible to be certified by that board (CPL 730.10 [5] [a]). In response, the People contended that, although not a diplomate of the board, Dr. Reynolds possibly was "board eligible" in view of his extensive experience and qualifications in the field. The People further alleged that, when Dr. Reynolds graduated from medical school and completed his residency, there were no residency programs in psychiatry of the type later established as a criterion for board eligibility. It was suggested that Dr. Reynolds might be eligible for board

certification on a "grandfather" basis without having to meet all applicable requirements, including the three-year residency requirement which Dr. Reynolds lacks. In denying defendant's CPL article 440 motion, the court summarily determined that Dr. Reynolds is a qualified psychiatrist but did not specifically address the People's contentions.

Since we are unable on this record to determine whether Dr. Reynolds is a qualified psychiatrist and since the issue of his qualifications is a recurring one *(see, People v Weech,* 98 AD2d 952, *on appeal following remand* 105 AD2d 1085, 116 AD2d 975; *People v Lowe,* 109 AD2d 300, *lv denied* 67 NY2d 653), we remit for a hearing to determine that question. The evidence at such hearing should include the testimony of a witness who is familiar with the board's eligibility requirements and its practice, if any, of certifying individuals who have not satisfied all eligibility requirements. Following such hearing, the court should determine whether, in view of his extensive credentials and the fact that his residency period predated the board's eligibility requirements, Dr. Reynolds is eligible to be certified by the board despite his inability to fulfill the residency requirement.

If it is determined by County Court that Dr. Reynolds is board eligible and thus a qualified psychiatrist within the meaning of CPL 730.10 (5) (a), defendant's CPL article 440 motion should be denied. If it is determined that Dr. Reynolds is not board eligible, the court immediately should conduct a hearing to reconstruct defendant's mental capacity at the time of trial. Where a meaningful reconstruction hearing can be held, it is the proper remedy for violation of article 730 *(see, People v Armlin,* 37 NY2d 167; *People v Wright,* 105 AD2d 1088, *on appeal following remand* 124 AD2d 1015, *lv denied* 69 NY2d 751; *People v Weech, supra).* The key factors in determining whether a meaningful reconstruction hearing can be held are the lapse of time since defendant's trial and the availability of expert and lay witnesses who can testify about their observations of defendant's behavior and demeanor at or near the time of trial *(see, People v Arnold,* 113 AD2d 101, 107, *on appeal following remand* 126 AD2d 955; *People v Wright, supra; People v Weech, supra; People v Lowe, supra).* Here, factors militating against reconstruction include the lapse of 5½ years since defendant's trial and the recent death of defense counsel. Nevertheless, we have held that the lapse of nearly six years since defendant's trial does not render reconstruction impossible per se *(see, People v Lowe, supra,* at 305). Moreover, the unavailability of defense counsel is offset

by the availability of three experts who examined defendant to determine his competency *(see, People v Weech,* 116 AD2d 975, 976-977, *supra; People v Arnold,* 113 AD2d 101, 107-108, *supra; People v Wright,* 105 AD2d 1088, *supra).* The People can call Dr. Reynolds *(see, People v Weech,* 105 AD2d 1085, 1086-1087, *supra),* the other psychiatrist who examined defendant at the behest of the court, and the defense psychiatrist if his identity can be determined. Finally, the court should be able to hear the testimony of the Judge who invoked the article 730 procedures and the Judge who presided over defendant's two trials, as well as the testimony of the attorney or attorneys who prosecuted defendant. The reconstruction hearing, if necessary, should be held before a Judge other than the Trial Judge *(People v Wright, supra).* (Appeal from judgment of Monroe County Court, Celli, J.—rape, first degree, and other charges.) Present—Doerr, J. P., Denman, Green, Pine and Lawton, JJ.