■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORRESTAL GRAY, Appellant.—Case held, decision reserved, and matter remitted to Erie County Court for further proceedings in accordance with the following Memorandum: Having referred defendant for a psychiatric examination, the court triggered the statutory requirement in CPL 730.20 (1) that defendant have two psychiatric examinations to determine his competency to stand trial pursuant to CPL 730.30. Thus, the court erred in failing to order a second examination *(see, People v Armlin,* 37 NY2d 167, 170-172; *People v Mullins,* 137 AD2d 227, 232, *lv denied* 72 NY2d 922; *People v Mulholland,* 129 AD2d 857, 859).

We conclude that a meaningful reconstruction hearing is feasible, in light of the facts that a contemporaneous psychiatric examination was conducted, less than two years have elapsed since the trial, and those who observed defendant at trial, including the Trial Judge, can testify concerning their observations of defendant's behavior and demeanor at or near the time of trial *(see, People v Bey,* 144 AD2d 972, 973; *People*

*v Arnold,* 113 AD2d 101, 107-108; *cf., People v Lowe,* 109 AD2d 300, 304-305, *lv denied* 67 NY2d 653). We remit the matter for a hearing before a different Judge *(see, People v Armlin, supra,* at 173; *People v Wright,* 105 AD2d 1088). (Appeal from Judgment of Erie County Court, McCarthy, J.—Sexual Abuse, 1st Degree.) Present—Callahan, J. P., Pine, Lawton, Boehm and Fallon, JJ.