■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENEE PHILLIPS, Appellant. [638 NYS2d 381] —Judgment unanimously affirmed. Memorandum: From our review of the record, we conclude that the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). Lastly, defendant fails to demonstrate that County Court abused its discretion in sentencing him or that extraordinary circumstances exist that would warrant a reduction of the sentence as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [b]). (Appeal from Judgment of Erie County Court, LaMendola, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Green, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE E. ALLEN, Appellant. [638 NYS2d 266] —Case held, decision reserved and matter remitted to Oswego County Court for further proceedings in accordance with the following Memorandum: When the question of defendant's competency was raised at arraignment, County Court issued an order of examination pursuant to CPL 730.30, thus triggering the statutory requirement of examinations by two psychiatrists (see, CPL 730.20 [1], [5]). Only one such examination was held and the court erred in failing to order a second one before accepting defendant's plea (see, People v Armlin, 37 NY2d 167, 171-172; People v Gray, 190 AD2d 1057; People v Mullins, 137 AD2d 227, 232, lv denied 72 NY2d 922; People v Mulholland, 129 AD2d 857).

The record reflects, however, that, in addition to the contemporaneous psychiatric examination conducted before defendant's plea, less than two years have elapsed since the plea and that those who observed defendant, including the Judge before whom defendant pleaded guilty, can testify regarding their observations of defendant's behavior and demeanor at that time (see, People v Gray, supra; People v Bey, 144 AD2d 972, 973; People v Arnold, 113 AD2d 101, 107-108). We, therefore, remit the matter to Oswego County Court for a reconstruction hearing before a different Judge to determine defendant's competency at the time of the plea (see, People v Armlin, supra, at 173; People v Gray, supra, at 1058). (Appeal from Judgment of Oswego County Court, Brandt, J.—Murder, 2nd Degree.) Present—Green, J. P., Fallon, Wesley, Davis and Boehm, JJ.