█ The People of the State of New York, Respondent, v Ernest Fred Marasa, Appellant. [706 NYS2d 662] —Case held, decision reserved and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Following its determination that defendant may be an incapacitated person, County Court issued an order of examination (*see,* CPL 730.30 [1]). "[O]nce a court makes a preliminary determination that a defendant may be incapacitated, the statutory steps must be followed" (*People v Lowe,* 109 AD2d 300, 304, *lv denied* 67 NY2d 653; *see, People v Armlin,* 37 NY2d 167, 172; *People v Weech,* 116 AD2d 975, 976). The record, however, fails to establish whether the order directing exami-

nation of defendant pursuant to CPL article 730 was followed. It is not clear whether any psychiatric examinations were completed and no psychiatric evaluations were filed with the court (*see,* CPL 730.20 [1], [5]; *People v Graham,* 127. AD2d 443, 445). As the result of those substantial deviations from the statutory requirements, defendant was deprived of his right "to a full and impartial determination of his mental capacity" to stand trial (*People v Armlin, supra,* at 172; *see, People v Lowe, supra,* at 304). "Where a meaningful reconstruction hearing can be held, it is the proper remedy for violation of article 730" (*People v Bey,* 144 AD2d 972, 973). We are unable to determine from this record whether a meaningful reconstruction hearing can be held (*see, People v Arnold,* 113 AD2d 101, 107-108). We therefore hold the case, reserve decision and remit the matter to Monroe County Court for a hearing before a different Judge to determine whether sufficient evidence may be developed to reconstruct defendant's mental capacity at the time of trial and, if so, to determine whether defendant was competent to stand trial (*see, People v Arnold, supra,* at 108). (Appeal from Judgment of Monroe County Court, Maloy, J.— Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.