THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME WILLIAMS, Appellant. [798 NYS2d 811]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered December 17, 2002. The judgment convicted defendant, upon a jury verdict, of aggravated harassment of an employee by an inmate (three counts).

It is hereby ordered that the case is held, the decision is reserved, and the matter is remitted to Cayuga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him following a jury trial of three counts of aggravated harassment of an employee by an inmate (Penal Law § 240.32). At a court appearance prior to the commencement of trial, County Court determined that defendant may be an incapacitated person, and the court issued an order of examination to the Director of Community Health Services for Cayuga County (*see* CPL 730.30 [1]). "[O]nce [CPL] article 730 proceedings are set in motion, the requirements of that article must be met" (*People v Weech*, 116 AD2d 975, 976 [1986]; *see People v Armlin*, 37 NY2d 167, 172 [1975]; *People v Vallelunga*, 101 AD2d 603, 604 [1984]). The record establishes, however, that no psychiatric examinations were conducted pursuant to that order, and thus the requirements of CPL article 730 were not met. We therefore conclude that defendant was deprived of his right "to a full and impartial determination of his mental capacity" to stand trial (*Armlin*, 37 NY2d at 172; *see* CPL 730.20 [1]; *People v Lowe*, 109 AD2d 300, 304 [1985], *lv denied* 67 NY2d 653 [1986]).

"Where a meaningful reconstruction hearing can be held, it is the proper remedy for violation of article 730" (*People v Bey*, 144 AD2d 972, 973 [1988]). Here, a meaningful reconstruction hearing is feasible inasmuch as contemporaneous psychiatric examinations were conducted in connection with an unrelated proceeding in Wyoming County, less than 2½ years have elapsed since the conclusion of the trial herein, and "those who observed defendant at trial, including the Trial Judge, can testify concerning their observations of defendant's behavior and demeanor at or near the time of trial" (*People v Gray*, 190 AD2d 1057, 1057 [1993]; *see People v Allen*, 224 AD2d 1027 [1996]). We therefore remit the matter to County Court for a reconstruction hearing before a different judge (*see Allen*, 224 AD2d 1027 [1996]; *Gray*, 190 AD2d at 1058). Present—Pigott, Jr., P.J., Green, Gorski, Pine and Lawton, JJ.