THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRESTON GREENE, Appellant. [832 NYS2d 349]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered May 28, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fourth degree (two counts) and menacing in the second degree.

It is hereby ordered that the case is held, the decision is reserved, and the matter is remitted to Monroe County Court for a hearing in accordance with the following memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]) and one count of menacing in the second degree (§ 120.14 [1]). We agree with defendant that County Court erred in refusing to conduct a hearing on the issue whether defendant was competent to stand trial (*see* CPL 730.30 [1]). " '[O]nce [the] court [made the] preliminary determination that . . . defendant may be incapacitated, the statutory steps [had to] be followed' " (*People v Marasa*, 270 AD2d 902, 902 [2000]; *see People v Armlin*, 37 NY2d 167, 172 [1975]; *People v Weech*, 116 AD2d 975, 976 [1986]; *People v Lowe*, 109 AD2d 300, 304 [1985], *lv denied* 67 NY2d 653 [1986]). Pursuant to CPL 730.30 (2), the court was required to "conduct a [competency] hearing upon motion therefor by the defendant" and, based on the court's failure to do so, "defendant was deprived of his right 'to a full and impartial determination of his mental capacity' to stand trial"

(*Marasa*, 270 AD2d at 903, quoting *Armlin*, 37 NY2d at 172). "Where a meaningful reconstruction hearing can be held, it is the proper remedy for [the] violation of [CPL] article 730" (*People v Bey*, 144 AD2d 972, 973 [1988]), but we are unable to determine on the record before us whether a meaningful reconstruction hearing is feasible (*see People v Arnold*, 113 AD2d 101, 107-108 [1985]). We therefore hold the case, reserve decision and remit the matter to County Court for a hearing before a different judge to determine whether sufficient evidence may be developed to reconstruct defendant's mental capacity at the time of trial and, if so, to determine whether defendant was competent to stand trial (*see id.* at 108).

All concur, Smith, J., not participating. Present—Gorski, J.P., Martoche, Smith, Lunn and Pine, JJ.