■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME WILLIAMS, Appellant. [834 NYS2d 819]—Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered December 17, 2002. The case was held by this Court by order entered June 10, 2005, decision was reserved and the matter was remitted to Cayuga County Court for a reconstruction hearing (19 AD3d 1121 [2005]). The reconstruction hearing was held and completed before Peter E. Corning, J.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of aggravated harassment of an employee by an inmate (Penal Law § 240.32). We previously held this case, reserved decision and remitted the matter to County Court for a reconstruction hearing to determine whether defendant was competent to stand trial at the time of his trial (*People v Williams*, 19 AD3d 1121 [2005]). Contrary to defendant's contention, "[t]he record supports the court's determination following the reconstruction hearing that the People sustained their burden of demonstrating by a fair preponderance of the evidence defendant's competence to stand trial" (*People v Marasa*, 284 AD2d 971, 971 [2001], *lv denied* 96 NY2d 940 [2001]). Defendant's further contention that the prosecutor improperly sought a sealed indictment is unpreserved for our review and, in any event, is lacking in merit (*see People v Burkett*, 12 AD3d 1196 [2004], *lv denied* 4 NY3d 762 [2005]). Finally, consecutive sentences were authorized because the three offenses were committed through separate and distinct acts (*see*

*People v Bryant*, 92 NY2d 216, 230-231 [1998]; *cf. People v Mack*, 273 AD2d 939 [2000], *lv denied* 95 NY2d 966 [2000]), and the imposition of consecutive terms did not render the sentence unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Gorski, Green and Pine, JJ.