■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY McKEE, Appellant. [703 NYS2d 447] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered October 29, 1997, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 24 years to life, unanimously affirmed.

The court properly denied defendant's application to place in evidence the contents of a hearsay statement attributed to a purported witness whom defendant chose not to call. Defendant was not entitled to introduce this statement as a sanction for delayed disclosure of *Brady* (*Brady v Maryland*, 373 US 83) or as a matter of due process (*see, Chambers v Mississippi*, 410 US 284). Three weeks prior to trial, the People disclosed a document containing a summary of a police interview with a named individual containing an account of the murder and giving a description of the perpetrator at variance with that of defendant. Defense counsel and an investigator interviewed the purported maker of the statement, who denied witnessing the crime or making the statement, and counsel decided not to call him as a witness. In addition, the court granted a mid-trial adjournment to enable defendant to conduct further investigation. In these circumstances, we find that defendant received the information in time for him to make effective use of it (*see, People v Cortijo*, 70 NY2d 868, 869; *People v Brooks*, 170 AD2d 182, *lv denied* 77 NY2d 958). Defendant's claim that earlier

disclosure might have resulted in one of various scenarios favorable to defendant's case is entirely speculative. There is no suggestion in the record that the purported witness would have admitted making the statement if he had been interviewed earlier, or that the passage of time impaired defendant's ability to investigate the surrounding circumstances. Although the purported witness gave conflicting accounts of his interview with the police, he gave no indication of faded memory. On the contrary, he maintained that he was not an eyewitness and that he never told the police that he was an eyewitness. Notwithstanding defendant's right to present a defense, the court properly precluded the introduction of the hearsay statement since it was not established to be reliable (*see, People v Williams*, 81 NY2d 303, 313). Concur—Nardelli, J. P., Tom, Wallach, Rubin and Andrias, JJ.