█ The People of the State of New York, Respondent, v Kevin Buie, Appellant. [735 NYS2d 45] —Judgment, Supreme Court, Bronx County (Irene Duffy, J.), rendered July 12, 1993, convicting defendant, after a jury trial, of murder in the second degree (three counts), attempted murder in the second degree, and robbery in the first degree, and sentencing him to an aggregate term of 62½ years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility and identification, including the surviving victim's drug use and her opportunity to observe defendant during the crime, were properly considered by the jury and there is no basis upon which to disturb its determinations.

Defendant's applications made pursuant to *Brady v Maryland* (373 US 83) were properly denied. Defendant asserts that as a result of the People's delay in disclosing the identities of two purported exculpatory witnesses, he was unable to locate these persons. Accordingly, defendant argues that the court should have granted his application to dismiss the indictment or, in the alternative, to permit him to elicit these persons' hearsay statements to the police as a remedy for the alleged *Brady* violation.

In the first place, we find no violation of the People's *Brady* obligations (*see*, *People v Cortijo*, 70 NY2d 868, 869). At the inception of the case, over a year before trial, the People disclosed police reports summarizing interviews with the purported witnesses, with the names and addresses redacted. These names and addresses were disclosed approximately two months before trial. Defendant has not established that earlier disclosure of these persons' identities would have enabled him to locate either of them (*see*, *People v Perry*, 266 AD2d 151, *lv denied* 95 NY2d 856).

Moreover, defendant has not established that either of these purported witnesses would have provided exculpatory testimony. Defendant asserts that in their police interviews each person gave descriptions of possible suspects that were at variance with defendant's appearance and the testimony of the surviving victim. However, neither person claimed to be a witness to the shootings, two of which occurred inside the apartment building. The statement of one of these persons is vague and confusing, and it is unclear whether she is speaking from personal knowledge, quoting yet a third possible witness, expressing opinions about who might have committed the crime, or some combination of the above. As for the second purported witness, while she told the police that she had seen a man with a gun leaving the building at the time of the crime, she had an extremely poor vantage point in a sixth-floor apartment in a nearby building. In any event, the descriptions contained in both persons' statements were reconcilable with the trial testimony. Accordingly, we find that there was no reasonable possibility that the outcome of the trial would have been different had defendant located either or both of these persons or been permitted to elicit their hearsay statements (*see, People v Vilardi*, 76 NY2d 67, 77).

Furthermore, defendant was not entitled to elicit these hearsay statements as matter of due process (*see, Chambers v Mississippi*, 410 US 284), or under any other such theory, since, as indicated, they were highly unreliable (*see, People v Williams*, 81 NY2d 303, 311; *People v McKee*, 269 AD2d 225, 226, *lv denied* 94 NY2d 950).

The court's ruling that defendant could not cross-examine the investigating detective about "other witnesses" but could inquire whether the officer interviewed anybody else was an appropriate exercise of discretion since counsel's reference to other witnesses presumed facts not in evidence (*see, People v Rodriguez*, 281 AD2d 497, 498). We reject defendant's argument that the People opened the door to this line of inquiry (*see, People v Melendez*, 55 NY2d 445). We have considered and rejected defendant's remaining arguments concerning the purported exculpatory witnesses and their statements.

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.