■ The People of the State of New York, Respondent, v William Strawder, Appellant. [843 NYS2d 246]—

Judgment, Supreme Court, New York County (Gregory Carro,

J.), rendered November 18, 2003, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly exercised its discretion when it precluded defendant from introducing evidence that an open knife had been removed from the victim's pocket when he was brought to a hospital. No witness testified that the victim had a knife at any point in the chain of events, and nothing in the circumstances of the case provided a reasonable basis on which to infer that the victim displayed or used a knife in any manner prior to being stabbed. Accordingly, there was no violation of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

Defendant has not shown that he was prejudiced by any violation of the People's disclosure obligations under *Brady v Maryland* (373 US 83 [1963]). One week before trial, the People first disclosed the information about the knife in the victim's pocket, as well as police reports indicating that two witnesses saw the victim with a knife at some point immediately after the stabbing. Although the prosecutor should have disclosed this information much earlier, there is no reasonable possibility that the delay affected the verdict (*see People v McKee*, 269 AD2d 225 [2000], *lv denied* 94 NY2d 950 [2000]). As noted, there was no evidentiary foundation for admitting the knife or testimony about its recovery. As for the witnesses, defense counsel interviewed them and chose not to call them. Both witnesses disavowed or repudiated their statements to the police, and neither claimed his memory had faded. Therefore, defendant's claim that earlier disclosure might have made a difference is purely speculative.

Defendant's claims regarding the prosecutor's opening statement, questioning of witnesses and summation are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would reject them on the merits (*see generally People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]).

Defendant's pro se claims are without merit. Concur— Andrias, J.P., Friedman, Williams, Buckley and Sweeny, JJ.