■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES ERVINE, Appellant. [981 NYS2d 526]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered May 10, 2012, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second violent felony offender, to a term of 24 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

At a *Sirois* hearing (*Matter of Holtzman v Hellenbrand*, 92 AD2d 405 [1983]), the People established, by clear and convincing evidence, that defendant caused a witness's unavailability by making express and implied threats, either personally, or through unidentified persons where the circumstances warranted an inference of defendant's involvement. Accordingly, defendant forfeited his right to confront this witness, and his grand jury testimony was properly received in evidence (*see*

*People v Cotto*, 92 NY2d 68 [1998]; *People v Geraci*, 85 NY2d 359 [1995]). Although, despite the pattern of threats, the witness managed to testify in the secrecy of the grand jury proceeding, it can be readily inferred that the witness's failure to testify at trial was caused by the threats, rather than by other factors in the witness's background.

Defendant has not shown that he was prejudiced by any violation of the People's disclosure obligations under *Brady v Maryland* (373 US 83 [1963]), or under state law. The People disclosed an anonymous phone call and a call log immediately after their potential relevance became apparent. Defendant's claim that earlier disclosure of this information might have affected the verdict is purely speculative (*see e.g. People v Strawder*, 44 AD3d 406 [1st Dept 2007], *lv denied* 9 NY3d 1010 [2007]). Concur—Saxe, J.P., Moskowitz, DeGrasse, Feinman and Clark, JJ.