■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HORTON, Appellant.—Judgment unanimously affirmed. Memorandum: The sole ground asserted by appellant for reversal of his conviction of robbery, first degree and grand larceny, third degree, after a jury trial in 1969, is that there is not available for appellate review a complete transcript of the testimony upon which his conviction was founded. The record on appeal includes a transcript of all the trial proceedings and the clerk's minutes of appellant's arraignment and sentencing, all of which were made available to

appellant's counsel, and omits only the stenographic transcripts of his arraignment and sentencing. As pointed out in *People v Bell* (36 AD2d 406, 408, affd 29 NY2d 882), "The loss of plea and sentence minutes does not, by itself, automatically entitle a defendant to summary reversal of his judgment of conviction. It is not enough to merely allege that such minutes have been lost. A defendant has a greater burden in that he must set forth appealable grounds, i.e., the nature of those issues which would have been raised on appeal had the plea and sentence minutes been available." Appellant has not asserted any error in connection with the arraignment or sentencing proceedings and we find, therefore, that he has failed to establish any ground for reversal of the judgment appealed from. (Appeal from judgment of Onondaga County Court convicting defendant of robbery, first degree and grand larceny, third degree.) Present—Marsh, P. J., Moule, Cardamone and Witmer, JJ.