(May 8, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SANCHEZ, Also Known as CHINO SANCHEZ, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered December 8, 1976, convicting defendant upon his plea of guilty of two counts of burglary in the third degree. In satisfaction of three separate indictments charging defendant with a total of four counts of burglary in the third degree, seven counts of criminal possession of stolen property in the second degree and six counts of criminal possession of stolen property in the third degree, defendant pleaded guilty to two counts of burglary in the third degree on October 13, 1976. At the plea proceeding defendant stated that he had discussed the matter with his lawyer. He further stated that the plea was not induced by any promise and was what he wanted to do. Defendant admitted that he committed each of the two burglaries and told the court that he understood that he subjected himself to a maximum sentence of seven years imprisonment on each crime. Defendant was sentenced on December 8, 1976 to an indeterminate term of imprisonment having a maximum of five years on each count with the terms to be served concurrently. No appeal was taken by or on defendant's behalf until this court granted permission to defendant to file a notice of appeal *nunc pro tunc.* Thereafter, it was discovered that a transcript of the sentence was not available because the stenographer had died before his notes were transcribed and the notes could not be located. On November 2, 1978, this court ordered defendant to prepare a statement of the sentencing minutes from the best available sources. The People agreed to stipulate to accept the extract of the clerk's minutes of the sentencing hearing as a substitute for the stenographic transcript, but the defendant declined. Instead, defendant sought a reconstruction hearing. This motion was denied. Defendant first argues that this denial was error. We disagree. The record amply demonstrates that such a hearing would be useless. Further, defendant's contention that grounds existed which would

justify allowance of a withdrawal of the plea is also without merit. The transcript of the plea proceedings reveals no irregularity in the acceptance of the plea. Defendant points to no evidence of the existence of any appealable issues at the time of the sentencing. The clerk's minutes contain no indication that a motion for withdrawal of the plea was made at sentencing. Neither defendant nor his attorney alleges in affidavits that any such motion was made. It is not enough to show that the sentencing transcript is missing. Rather, it is the burden of the defendant in a case, such as exists here, to demonstrate the existence of a specific appealable issue *(People v Horton,* 49 AD2d 805; *People v Bell,* 36 AD2d 406, 408, affd 29 NY2d 882; see *People v Mason,* 67 AD2d 747). The defendant herein has not met that burden. The judgment should be affirmed. Judgment affirmed. Sweeney, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.