■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS SUAREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered May 12, 1986, convicting him of attempted robbery in the second degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

On July 10, 1984, at approximately 12:45 A.M., the defendant and two other men drove to a Shell station on Astoria Boulevard in Queens. One of the defendant's companions lured the gas station attendant into a glass booth where cash receipts were kept. The defendant then secured shut the only exit from the booth, while his companion, displaying a starter pistol, demanded money from the attendant. When police cars stopped at a traffic light on Astoria Boulevard, the defendant released the door, enabling the attendant to escape.

Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The defendant's acts, as recounted by the attendant, of holding closed and then releasing the door to the booth while one of his accomplices displayed what appeared to be a gun, amply support the finding that the defendant aided his cohort and that he shared the intent to commit a robbery *(see,* Penal Law § 20.00; *see also,* Penal Law § 160.10 [1], [2] [b]; *People v Morant,* 114 AD2d 864). We note, moreover, that the defendant's companion, who pleaded guilty to charges stemming from the robbery and who was called to testify by the defendant, acknowledged on cross-examination that he and the defendant discussed committing the robbery during the ride to the gas station. Furthermore, although the attendant may have ultimately realized that the starter pistol was inoperative, the People nonetheless established that the defendant's accomplice consciously displayed what appeared to be and could reasonably be perceived as a weapon *(see,* Penal Law §§ 110.00, 160.10 [2] [b]; *People v Lopez,* 73 NY2d 214, 219-220). Upon the exercise of our factual review power, we are satisfied

that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the defendant was not deprived of the effective assistance of counsel because of the strategic decision to call his accomplice as a witness *(see, People v Baldi,* 54 NY2d 137). Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.