■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER TYRONE SMITH, Appellant

Defendant, the leader of a drug operation was, along with one of his "crew" members, the object of an attack on April 19, 1980. In retaliation, defendant ordered his crew to kill "those he believed to be responsible." Inasmuch as defendant was also experiencing business related problems with another drug dealer, it was decided to eliminate that source of competition as well.

On January 19, 1981, defendant and his crew armed themselves and drove to a taxicab base where they believed their enemies to be and opened fire on a group of people, wounding several and killing 16-year old Ronnie Blake.

Co-defendants Moorman and Henderson were implicated in the shooting as a result of cooperation by a member of defendant's crew. Likewise, defendant was arrested pursuant to an arrest warrant, on the roof of the building in which he lived. At this time, the police found a box containing drug paraphernalia, pistol grips and a holster. Defendant was

brought into the house and the police proceeded with a security check of the building. When defendant's wife went to a kitchen cabinet to get a bottle to feed her baby, a detective observed a box in plain view in the opened cabinet which contained bundles of glassine envelopes protruding from inside. Upon removal, the box was found to contain 500 bags of heroin. A metal box containing money and drugs was found in a cabinet in the basement but was returned to await the arrival of a search warrant which was executed several hours later. The metal box and its contents were then retrieved, along with other items such as a pistol and ammunition. At a suppression hearing, the court refused to suppress any of the items recovered from defendant's house.

The police were justified in seizing the box on the roof as incident to a lawful arrest. With regard to the drugs found in the kitchen cabinet, they were found in plain view during the justified security check of the building (see, Maryland v Buie, 494 US 325; see also, Coolidge v New Hampshire, 403 US 443, 465). While the initial location of the metal box in the basement may have been beyond the scope of a necessary security check, the box was ultimately obtained pursuant to a valid search warrant.

Defendant complains of the prosecutor's use, during trial, of defendant's drug dealing activities. However, said evidence was properly elicited for purposes of demonstrating defendant's motive and criminal intent for the shooting (People v Molineux, 168 NY 264, 293). Moreover, said evidence was necessary to complete the details of the story surrounding the crime. (People v Acevedo, 32 NY2d 941.)

Defendant also urges that a letter which a co-defendant wrote to his girlfriend was improperly admitted into evidence as it violated the rule enunciated in Bruton v United States (391 US 123) since the statements therein implied that the co-defendant feared defendant and consequently would not reveal to the authorities their joint participation in the murder. However, the Bruton rule was not violated since the statements were clearly not incriminating on their face (see, e.g., Richardson v Marsh, 481 US 200, 208). At best, the statements could only inferentially implicate defendant if the statements were linked to other evidence. Moreover, the jurors were adequately instructed to disregard such inferences.

Finally, defendant raises several claims regarding the prosecutor's summation. These claims are largely unpreserved for appellate review and, in any event, are unfounded. The sum-

mation was a proper response to the defense summation, and was clearly fair comment on the evidence *(see, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912).

We have considered defendant's other claims and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Ross and Smith, JJ.