■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL KAUR, Appellant. [612 NYS2d 66] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered April 21, 1988, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was excluded from a material stage of the trial when both counsel exercised their peremptory challenges and challenges for cause at a side-bar conference in the absence of the defendant. We disagree. The record indicates that the defendant was present during the voir dire, he had an opportunity to consult with his counsel, and the challenges were given effect in his presence when the accepted jurors were seated and sworn in open court *(see, People v Velasco,* 77 NY2d 469, 473; *People v Jackson,* 202 AD2d 518; *People v Melendez,* 182 AD2d 644).

The defendant also contends that the evidence was legally insufficient to prove that he displayed what appeared to be a firearm *(see,* Penal Law § 160.10 [2] [b]) because the complainant stated that the gun appeared to be a toy gun, which it ultimately proved to be. We disagree. The complainant here stated that he was "scared when [the defendant] had the gun to [his] stomach so [he] didn't move". The complainant was not required to call the defendant's bluff, but could resolve any doubts in favor of the risk presented, and the jury could reasonably find that the complainant had believed that the

gun displayed might have been real *(see, People v Bynum,* 125 AD2d 207, 209; *People v Suarez,* 157 AD2d 757).

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.