■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGNA ANDINO, Appellant. [681 NYS2d 518] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J., at suppression hearing; Efrain Alvarado, J., at jury trial and sentence), rendered October 21, 1996, convicting defendant of criminal sale of a controlled substance in the third degree, and sentenc-

ing her, as a second felony offender, to a term of 6 to 12 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 5 to 10 years, and otherwise affirmed.

The hearing court properly denied defendant's motion to suppress physical evidence. Contrary to defendant's argument, the arrest of defendant, based upon probable cause, in the doorway of her apartment, did not implicate Fourth Amendment protections against warrantless arrests inside a suspect's home (*United States v Santana*, 427 US 38, 42; *People v Rosario*, 179 AD2d 442, *lv denied* 75 NY2d 1053). Further, the police properly conducted a limited and swift security check of the apartment, immediately following defendant's lawful arrest, to determine if there were any individuals present who might destroy evidence or pose a threat to the officers (*Maryland v Buie*, 494 US 325; *United States v Agapito*, 620 F2d 324, 335, *cert denied* 449 US 834). Since the officers were aware that prerecorded buy money was utilized in the reported drug transaction that was completed only minutes before, and since nothing was recovered from defendant's person, the officers justifiably seized a quantity of currency observed in plain view on a counter approximately five feet from where defendant was arrested (*see, People v Smith*, 179 AD2d 597, 598, *lv denied* 79 NY2d 1008), the incriminating nature of that currency being readily apparent (*see, Horton v California*, 496 US 128, 136-137).

The trial court appropriately exercised its discretion in discharging an absent sitting juror and replacing him with an alternate juror, following inquiry into the circumstances surrounding the juror's absence that warranted a finding that the juror was no longer available for continued service (*People v Hastings*, 192 AD2d 476, *lv denied* 82 NY2d 754). Although the jurors were directed to be in court by 9:30 A.M. and to telephone if they were going to be late, the court, having received no call from the juror in question, waited until 12:30 P.M. before substituting an alternate juror, and then only after an unsuccessful attempt by court officers to locate the juror at the address he provided to the jury clerk, as well as unsuccessful attempts to contact the juror by telephone at the juror's reported home and business telephone numbers.

We find the sentence excessive to the extent indicated. Concur—Ellerin, J. P., Nardelli, Rubin and Saxe, JJ.