■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. REMILLARD, Appellant. [699 NYS2d 558] —Carpinello,

J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 5, 1998, upon a verdict convicting defendant of the crime of rape in the first degree.

On November 25, 1996, defendant turned 16 years old. Less than a week later, he was indicted for rape in the first degree and sexual abuse in the first degree as a result of allegations that he had forced sexual intercourse with a 13-year-old female friend (hereinafter the victim) "during the month of November, 1996". Although the victim testified before the Grand Jury that the incident occurred "around" November 10, 1996, the People's discovery responses narrowed the time period only by noting that the crimes took place between 8:30 P.M. and 9:00 P.M. Defense counsel, however, had access to the People's entire file prior to trial and reviewed the victim's Grand Jury testimony.

At trial, the victim testified that on or about November 10, 1996, she and defendant were alone in her house when he forced her to have sexual intercourse. Defendant took the stand on his own behalf and admitted that he was in the victim's house on the day and time in question, but claimed that he was there to use the telephone. He denied ever being alone with the victim on that day or raping her. The sexual abuse charge was dismissed following the People's case-in-chief because the undisputed evidence revealed that defendant was only 15 years old when the crime took place (*see*, CPL 210.30 [7]). The jury, however, convicted him of rape in the first degree. Sentenced to 2 to 6 years in prison, defendant appeals. We affirm.

Defendant contends that the indictment should be dismissed because the People failed to advise him of the exact date of the offense in either the indictment or their discovery responses despite their knowledge of same. Defendant also moved prior to sentencing to set aside the verdict pursuant to CPL 330.30 (3) based on "newly discovered evidence", namely, the precise date of commission of the offense. Neither argument has merit.

With respect to the first contention, defendant specifically claims that, had he been informed sooner that the incident took place two weeks *before* his 16th birthday, he could have availed himself of various procedural rights afforded to juvenile offenders, namely, dismissal of the sexual abuse count pursuant to CPL 210.30 (7). This argument is academic since the sexual abuse count was in fact dismissed during trial due to defendant's age on the day of the offense. To the extent that defendant contends that, had the count been dismissed prior to trial, "the trial jury would have only heard evidence of one

charge, rather than being prejudiced by hearing *evidence* of both charges" (emphasis supplied), we note that the same acts formed the basis of both counts in the indictment. Moreover, it is axiomatic that the charges in an indictment are not themselves "evidence" of guilt against a defendant (*see,* 1 CJI[NY] 6.02, at 242), and the jury in this case was so advised by County Court during its charge. Thus, defendant suffered no prejudice merely because the jury learned that the indictment contained two counts.

With respect to defendant's claim that County Court abused its discretion in denying his motion to set aside the verdict based upon "newly" discovered evidence, defense counsel readily admitted to County Court during oral argument on the motion that he personally reviewed the victim's Grand Jury testimony prior to trial and thus knew that she claimed at that time that the incident took place "around" November 10, 1996. Under these circumstances, the precise date of the offense cannot be considered "newly discovered evidence", which is partially defined as "evidence that * * * could not have been discovered before trial by the exercise of due diligence" (*People v Miller,* 226 AD2d 833, 835, *lv denied* 88 NY2d 939; *see,* CPL 330.30 [3]).

Newly discovered evidence must also be "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]). Here, despite defense counsel's averment that following the trial he was "contacted by two individuals professing first-hand knowledge as to defendant's whereabouts on November 10, 1996 between 1:00 p.m. and 9:30 p.m.", he did not submit an affidavit from either of these alleged "alibi" witnesses in support of the motion. Moreover, the assertion of an alibi defense is specious in light of defendant's admission at trial that he was with the victim at the precise date, time and place that she described during her testimony.

We have reviewed defendant's remaining contentions and none warrants reversal of his conviction.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.