■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL HERNANDEZ, Appellant. [738 NYS2d 309] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered May 15, 1997, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence. On the contrary, we find the evidence to be overwhelming. Six witnesses independently inculpated defendant, and there was no evidence of collusion, or even an opportunity for collusion, among these witnesses. Issues of credibility—including the weight to be given to the backgrounds of the People's witnesses, to the fact that most were testifying under cooperation agreements, and to minor inconsistencies in their testimony—were properly considered by the jury, and there is no basis upon which to disturb its determinations.

There was no violation of the People's duty to disclose exculpatory evidence under *Brady v Maryland* (373 US 83). Shortly after the outset of the trial, the People disclosed reports of a detective's interview with a person who had not witnessed

any of the events in question but who claimed to have had a conversation with one of the People's witnesses shortly after the crime, in which the witness had allegedly implicated an individual other than defendant. Defendant received this information in time to use it effectively at trial. His counsel cross-examined prosecution witnesses based on the contents of the reports, called the detective to testify, and, after interviewing the nonwitness following his production by the People, declined to put him on the stand to testify (*see, People v Cortijo*, 70 NY2d 868; *People v Brooks*, 170 AD2d 182, *lv denied* 77 NY2d 958). Defendant's claim that earlier disclosure might have had an impact on the outcome of the case is purely speculative (*see, People v McKee*, 269 AD2d 225, *lv denied* 94 NY2d 950).

The inadvertent destruction of a photograph of a person asserted by defendant to have been a "possible suspect" did not constitute a *Brady* violation since the photograph had no exculpatory value (*see, California v Trombetta*, 467 US 479). The photograph had not been viewed by any witness, and had been selected only by the above-discussed nonwitness, whose claim that he spoke to one of the People's witnesses after the crime was denied by that witness.

To the extent that the court's questioning of a defense witness about an aspect of his testimony may have been improper, such questioning did not deprive defendant of a fair trial. The court's thorough curative instructions, which the jury is presumed to have followed (*see, People v Davis*, 58 NY2d 1102, 1104), were sufficient to prevent any prejudice.

We have reviewed the points raised in defendant's supplemental pro se brief and find them to be without merit. First, there is a presumption of regularity in the voir dire process (*see, People v Keen*, 252 AD2d 278, 281-282, *affd* 94 NY2d 533). Defendant, who was represented by able counsel both at trial and on this appeal, has not identified any significant gaps in the voir dire minutes recorded by the now-deceased stenographer, in connection with any appealable issue (*see, People v Cosme*, 125 AD2d 485, 486), nor did he seek a reconstruction hearing, which in any event would have been useless (*People v Sanchez*, 75 AD2d 918).

Second, defendant was not prejudiced by references to uncharged crimes and illicit drug activity. The victim was alleged to have robbed defendant and other local drug dealers, so the evidence defendant now objects to was properly elicited for the purpose of demonstrating motive and criminal intent (*People v Smith*, 179 AD2d 597, 598, *lv denied* 79 NY2d 1008). Concur—Williams, J.P., Mazzarelli, Rosenberger, Wallach and Lerner, JJ.