■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAIWAN LOWMACK, Appellant. [805 NYS2d 762]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 9, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree, petit larceny, criminal possession of stolen property in the fifth degree (two counts), criminal possession of a controlled substance in the seventh degree, criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, robbery in the second degree (Penal Law § 160.10 [1]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject defendant's contention that the jury failed to give the evidence the weight it should be accorded, and we conclude that " 'the evidence is of such weight and credibility as to convince us that the jury was justified in finding . . . defendant guilty beyond a reasonable doubt' " (*People v Cahill*, 2 NY3d 14, 58 [2003]; *see generally People v Mateo*, 2 NY3d 383, 410 [2004]; *Bleakley*, 69 NY2d at 495).

Contrary to the further contention of defendant, Supreme Court set forth on the record the basis for its decision that de-

fendant be restrained during the trial. The record establishes that the court stated that the basis for its decision was to ensure the safety of the persons in the courtroom inasmuch as defendant had been involved in an altercation with deputies at the jail during the previous day (*see People v Rouse*, 79 NY2d 934, 935 [1992]). Defendant failed to object to the court's curative instruction with respect to the restraints and therefore failed to preserve for our review his contention that the court erred in providing a curative instruction despite his request that none be given (*see generally People v Robinson*, 88 NY2d 1001 [1996]). Although defendant also failed to preserve for our review his contention that the court in its curative instruction misrepresented the basis for its decision to restrain defendant during the trial, we note that we agree with defendant that the court erred in stating that defendant was restrained because of his behavior in the courtroom. We conclude, however, that the error is harmless (*see generally People v Kello*, 96 NY2d 740, 744 [2001]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.