(July 9, 2009)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS M. HAMPTON, Appellant. [883 NYS2d 338]—

Peters, J. Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered September 19, 2006, upon a verdict convicting defendant of the crimes of burglary in the first degree (three counts), criminal use of a firearm in the first degree (two counts), criminal mischief in the third degree, menacing in the second degree, and aggravated harassment in the second degree, and (2) by permission, from an order of said court, entered September 5, 2008, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On June 12, 2005, minutes after the victim came home and discovered a threatening message from defendant on his answering machine, defendant arrived at the victim's house armed with a gun, kicked open the back door and entered the home threatening to kill him. When he could not find the victim, defendant exited the house and fired his gun into the victim's car before leaving. Neighbors called 911 upon hearing the commotion and defendant was apprehended at his mother's home later that evening.

Defendant was thereafter indicted on three counts of burglary in the first degree, two counts of criminal use of a firearm in the first degree, and one count each of criminal mischief in the third degree, menacing in the second degree and aggravated harassment in the second degree. Following a jury trial, he was convicted of all charges. At a court appearance prior to sentencing, defendant raised complaints regarding trial counsel's performance, including allegations that counsel had not allowed him to testify at trial. County Court relieved defense counsel and assigned a new attorney, who filed two CPL 330.30 motions to set aside the verdict. The court denied both motions and sentenced defendant, as a second felony offender, to an aggregate term of 12 years in prison to be followed by five years of postrelease supervision. Defendant thereafter moved, pursuant to CPL 440.10, to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel. County Court denied the motion without a hearing. Defendant now appeals from both the judgment of conviction and the order denying his CPL article 440 motion.

We turn first to defendant's contention that his convictions

for burglary and criminal use of a firearm were not supported by legally sufficient evidence and were against the weight of the evidence. Particularly, defendant claims that there is insufficient proof identifying him as the perpetrator and establishing that he possessed a loaded weapon. On a challenge to the legal sufficiency of the evidence, "we view the evidence in the light most favorable to the People and will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury" (*People v Maricevic*, 52 AD3d 1043, 1044 [2008], *lv denied* 11 NY3d 790 [2008]; *see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Hall*, 57 AD3d 1222, 1225 [2008], *lv denied* 12 NY3d 817 [2009]).

The victim testified that defendant, who he had known for almost a decade, pulled into his driveway in a red vehicle and approached his home carrying what appeared to be a long gun. Hearing defendant threaten to shoot and kill him, the victim retreated to his den and hid in a closet. He then heard defendant kick open the back door, move through the home while continuing to threaten his life, and then exit the residence shouting, "I'm going to shoot your car." Moments later, he heard a gunshot and then saw the red car leaving his driveway. Neighbors also provided testimony that they heard a man's voice, other than that of the victim, shouting threats outside of the victim's home, followed by a gunshot. One such neighbor witnessed the incident, explaining that this man was carrying a long object in his hand both when he kicked open the victim's door as well as when he left the house. Evidence was also presented that bullet holes and projectiles were found in the windshield and passenger seat of the victim's car, and the victim identified photographs of the red car found upon defendant's arrest as the same car that was in his driveway on the day of the incident. Moreover, defendant's brother testified that, following the incident, defendant told him that he had gone to the victim's home to "kick his ass" and that he had brought a gun with him. Viewed most favorably to the People, the proof was legally sufficient to sustain the verdict. Further, evaluating the evidence in a neutral light and according appropriate deference to the jury's assessment of witness credibility, we find that the verdict is not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Rosa*, 57 AD3d 1018, 1020 [2008], *lv denied* 12 NY3d 762 [2009]; *People v Hunter*, 55 AD3d 1052, 1053 [2008], *lv denied* 11 NY3d 898 [2008]).

Nor are we persuaded that, because he was not present for

certain sidebar conferences, defendant was denied his right to be present at material stages of his trial. Defendant's presence was not required during a sidebar conference conducted with a prospective juror because the questioning was unrelated to the juror's bias, hostility or predisposition (*see People v Antommarchi*, 80 NY2d 247, 250 [1992]; *People v Abdullah*, 28 AD3d 940, 941 [2006], *lv denied* 7 NY3d 784 [2006]) and "did not implicate [defendant's] peculiar factual knowledge or otherwise present the potential for his meaningful participation" (*People v Fabricio*, 3 NY3d 402, 406 [2004]; *see People v Roman*, 88 NY2d 18, 26 [1996]; *People v Dokes*, 79 NY2d 656, 660 [1992]). With regard to the four sidebar discussions conducted during the course of the trial for which defendant was not present, none are shown, or even alleged, to have involved matters other than law or procedure (*see People v Vargas*, 60 AD3d 1236, 1239 [2009]; *People v Borst*, 232 AD2d 727, 729 [1996], *lv denied* 89 NY2d 940 [1997]). As such, defendant has failed to sustain his burden of demonstrating that he was wrongfully excluded from these sidebar conferences (*see People v Velasquez*, 1 NY3d 44, 49 [2003]).

Next, defendant claims that a sufficient foundation did not exist for admission of the recording of the threatening message left on the victim's answering machine, the 911 tape, and the photographs of the victim's residence. We disagree. Here, the victim testified that, just prior to the incident, he arrived home and twice listened to the threatening voice message left on his answering machine, which had caller identification and listed defendant's name as the caller. The victim also stated that he recognized the speaker as defendant. Both the victim and the officer who made the recording testified that the recording accurately represented the original voice message. Likewise, with respect to the 911 recording, the callers identified their voices as recorded on the tape and testified that the tape fairly and accurately recorded the content of their conversation at the time the calls were made. In light of this proof, County Court correctly determined that these recordings were admissible (*see People v Tillman*, 57 AD3d 1021, 1024 [2008]; *People v Foster*, 52 AD3d 957, 961 [2008], *lv denied* 11 NY3d 788 [2008]; *People v Bell*, 5 AD3d 858, 862 [2004]). Regarding the photographs, the victim's testimony that the pictures were an accurate depiction of the damage to his back door was sufficient to support their admission into evidence (*see Matter of Barner v Alexander*, 55 AD3d 1182, 1183 [2008]; *People v Brown*, 216 AD2d 737, 738 [1995]).

We find no error in County Court's denial of both of defen-

dant's CPL 330.30 motions without a hearing. The first of those motions, which was primarily grounded upon defendant's claim that counsel ignored and thwarted his desire to testify at trial and otherwise failed to adequately confer with him prior to the trial, was based on matters outside the record and therefore not properly made pursuant to CPL 330.30 (1) (*see People v Cipriani*, 267 AD2d 595, 596 [1999], *lv denied* 95 NY2d 833 [2000], *cert denied* 531 US 1092 [2001]; *People v Hernandez*, 210 AD2d 535, 536 [1994], *lv denied* 84 NY2d 1032 [1995]; *People v Knox*, 134 AD2d 704, 704 [1987], *lv denied* 70 NY2d 1007 [1988]). In the second motion, defendant alleged that the prosecutor wrongfully withheld a journal, which contained "[his] entire defense," that was improperly taken from his home during the execution of a search warrant. Yet, the sole proof submitted in support of this claim was his own conclusory and self-serving affidavit, which was flatly contradicted by documents in the record as well as affidavits provided by the prosecutor and the officer who executed the search warrant (*see People v Passino*, 25 AD3d 817, 818-819 [2006], *lv denied* 6 NY3d 816 [2006]). To the extent that this motion was based on a claim of "newly discovered evidence," consisting of a document from defendant's daughter asserting that the victim engaged in inappropriate sexual conduct with her, County Court correctly concluded that any such evidence was not newly discovered since there is no indication that, with due diligence, this information could not have been produced at trial (*see* CPL 330.30 [3]; *People v Williams*, 305 AD2d 802, 803 [2003], *lv denied* 100 NY2d 589 [2003]; *People v Remillard*, 267 AD2d 610, 612 [1999], *lv denied* 95 NY2d 802 [2000]). Nor is this information of such character that, with it, the jury probably would have rendered a verdict favorable to defendant (*see* CPL 330.30 [3]; *People v Remillard*, 267 AD2d at 612). For these reasons, a hearing was not required on defendant's CPL 330.30 motions.

We do find merit, however, to defendant's contention that County Court erred in denying his CPL article 440 motion, alleging ineffective assistance of counsel, without a hearing. In support of his claim, defendant averred that he advised counsel during their first meeting that, on the morning of the incident, his daughter had informed him that the victim attempted to engage in sexual behavior with her, and that this was the reason he went to the victim's house later that day. According to defendant, counsel represented to him that he had an "excellent" defense of extreme emotional disturbance and repeatedly advised him that, because no weapon had been found, he could not be convicted of the weapon possession charges. Indeed, when defendant raised this latter allegation to the court prior to

sentencing, and the court questioned counsel as to whether he had in fact made this representation to defendant, counsel responded, "the charge says that he had possessed a weapon. There's no weapon here." Thus, defendant's allegations, taken together with counsel's own statements, strongly suggest that his attorney had a fundamental misunderstanding of the proof needed to convict his client of the weapon charges (*see e.g. People v Miller*, 63 AD3d 1186, 1187-1188, [2009]), as well as the availability of the affirmative defense of extreme emotional disturbance, which is only a defense to intentional murder (*see* Penal Law § 125.25 [1] [a]; § 125.27 [2] [a]; *see also People v Ahl*, 243 AD2d 985, 987 [1997], *lv denied* 91 NY2d 868 [1997]). Notably, defendant further averred that he rejected a plea offer with a five-year maximum sentence and proceeded to trial based upon those erroneous representations.

Along with his additional claims that counsel failed to investigate the case, confer with him prior to trial, adequately prepare for trial and apprise him of his right to testify before the grand jury, defendant again averred, as he did before County Court in his CPL 330.30 motion, that he wanted to testify at trial and that counsel repeatedly ignored, thwarted and otherwise refused his requests in this regard. Critically, a defendant who has accepted the assistance of counsel nevertheless retains authority over certain fundamental decisions regarding the case, including whether to testify in his or her own behalf (*see People v Colon*, 90 NY2d 824, 825-826 [1997]; *People v Ferguson*, 67 NY2d 383, 390 [1986]; *see also Jones v Barnes*, 463 US 745, 751 [1983]). Defendant's affidavit also sets forth the essence of his proposed testimony and how it may have undermined the victim's credibility. Upon these facts, we are persuaded that defendant has raised an issue sufficient to require a hearing on his CPL 440.10 motion (*see People v Reynolds*, 309 AD2d 976, 976-977 [2003]; *People v Thomson*, 279 AD2d 644, 645 [2001]; *People v Perron*, 273 AD2d 549, 550 [2000]; *People v Mattison*, 182 AD2d 917, 919 [1992], *lv denied* 80 NY2d 896 [1992]).

Defendant's remaining contentions do not require extended discussion. With respect to his assertions regarding the administration of the pre-voir dire oath (*see* CPL 270.15 [1]), defendant did not draw County Court's attention to the purported error and has failed to present an adequate record in support of his claim (*see People v Melendez*, 205 AD2d 392, 393 [1994], *lv denied* 84 NY2d 829 [1994]; *compare People v Hoffler*, 53 AD3d 116, 121 [2008], *lv denied* 11 NY3d 832 [2008]). Similarly unpreserved are defendant's claims that the court

erred in failing to give an expanded identification instruction and a circumstantial evidence charge, that the intoxication charge was inadequate and that the court exhibited bias towards him. Defendant's other ascriptions of error, including those raised in his pro se brief, have been fully reviewed and found to be unavailing.

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.