THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. SCHROCK, Appellant. [900 NYS2d 804]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered October 9, 2007. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree (two counts), aggravated assault upon a police officer, criminal possession of a weapon in the second degree, robbery in the first degree (four counts), grand larceny in the fourth degree, menacing a police officer and escape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed for robbery in the first degree under count seven of the

indictment shall run concurrently with the sentence imposed for attempted murder in the first degree under count one of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, two counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]), defendant contends that the verdict is against the weight of the evidence inasmuch as the jury rejected the affirmative defense that he lacked criminal responsibility by reason of mental disease or defect (see § 40.15). Viewing the evidence in light of the elements of the crimes as charged to the jury (see *People v Danielson*, 9 NY3d 342, 349 [2007]), we reject that contention (see generally *People v Bleakley*, 69 NY2d 490, 495 [1987]). "Where, as here, there was conflicting expert testimony on the issue of defendant's mental condition, the determination of the trier of fact to accept or reject the opinion of an expert, in whole or in part, is entitled to deference" (*People v Amin*, 294 AD2d 863, 863 [2002], *lv denied* 98 NY2d 672 [2002]; see *People v Coombs*, 56 AD3d 1195, 1196 [2008], *lv denied* 12 NY3d 782 [2009]). Despite the evidence that defendant was mentally ill at the time he committed the offenses, the jury was entitled to credit the testimony of the forensic psychiatrist who examined defendant and concluded that defendant appreciated the nature and consequences of his actions (see *People v Hill*, 276 AD2d 716 [2000], *lv denied* 96 NY2d 735 [2001]). In addition, the knowledge of defendant that his conduct was wrong was demonstrated by his statement to the police that, after he assaulted and attempted to shoot the sheriff's deputy, he drove away in the patrol vehicle because he realized he was in "trouble."

Defendant failed to preserve for our review the contention in his main and pro se supplemental briefs that the prosecutor engaged in misconduct by eliciting testimony with respect to defendant's past incidents of domestic violence (see CPL 470.05 [2]). In any event, that contention is without merit because such evidence was relevant to the defense concerning defendant's mental condition, and County Court gave an appropriate limiting instruction to the jury. Contrary to the further contention of defendant in his main and pro se supplemental briefs, we conclude that he was not denied effective assistance of counsel based on defense counsel's failure to object to the testimony with respect to those prior bad acts. Defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's failure to object to that testimony (*People v Rivera*, 71 NY2d 705, 709 [1988]). We note that evidence that defendant engaged in assaultive behavior

may be considered consistent with the behavior of an individual who suffers from a mental disease or defect and, indeed, defendant's expert witness testified that defendant suffered from bipolar disorder, a component of which is aggressive and assaultive behavior.

Defendant contends in his main brief that the court erred in failing to comply with the procedures set forth in CPL article 730. We reject that contention. During defendant's arraignment on the felony complaint, the court ordered a psychiatric examination pursuant to CPL 730.30 (1). At the next appearance following indictment, the court indicated that it had received and reviewed the examination reports of the evaluating psychiatrist, who found defendant competent to stand trial. Defense counsel acknowledged receipt of those reports and did not request a competency hearing. Defense counsel further stated that she had spoken to defendant and that she did not object to the finding that defendant was competent to proceed "at this time." Although the prosecutor stated that he had not received those reports, we reject the contention of defendant that he therefore was deprived of his right "to a full and impartial determination of his mental capacity" to stand trial (*People v Armlin*, 37 NY2d 167, 172 [1975]; *cf. People v Marasa*, 270 AD2d 902 [2000]). The further contention of defendant in his main brief that he was improperly restrained at trial by a stun belt is unpreserved for our review (*see generally People v Lowmack*, 23 AD3d 1087 [2005], *lv denied* 6 NY3d 850 [2006]). In any event, that contention involves matters outside the record on appeal, and it therefore must be raised by way of a motion pursuant to CPL 440.10 (*see People v King*, 56 AD3d 1193 [2008], *lv denied* 11 NY3d 926 [2009]; *People v Peterson*, 56 AD3d 1230 [2008]).

Defendant contends in his main brief that the sentences imposed on counts five through eight of the indictment, for robbery in the first degree, must run concurrently with the sentence imposed on count one of the indictment, for attempted murder in the first degree. We agree with defendant in part and conclude that the sentence imposed for robbery in the first degree under count seven of the indictment must run concurrently with the sentence imposed for attempted murder in the first degree under count one of the indictment, and we therefore modify the judgment accordingly. Pursuant to Penal Law § 70.25 (2), sentences imposed for "two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other," must run concurrently (*see People v Laureano*, 87 NY2d 640, 643 [1996]). Here, defendant's

firing of the gun at the sheriff's deputy constituted attempted murder in the first degree under count one, and it is also an element of robbery in the first degree under count seven, which alleged that defendant forcibly stole property by use or threatened use of a dangerous instrument (*see People v Lemon*, 38 AD3d 1298, 1299 [2007], *lv denied* 9 NY3d 846 [2007], *denied reconsideration* 9 NY3d 962 [2007]). The sentence as modified is not unduly harsh or severe.

Defendant contends in his pro se supplemental brief that the court failed to administer the oath of truthfulness to prospective jurors pursuant to CPL 270.15 (1) (a). By failing to "draw [the court's] attention to the purported error," however, defendant failed to preserve that contention for our review (*People v Hampton*, 64 AD3d 872, 877 [2009], *lv denied* 13 NY3d 796 [2009]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have reviewed the remaining contention of defendant in his pro se supplemental brief and conclude that it is without merit. Present—Smith, J.P., Fahey, Carni, Lindley and Sconiers, JJ.