■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COBB, Appellant. [908 NYS2d 448]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered January 5, 1993, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied his *Batson* claim (*see Batson v Kentucky*, 476 US 79 [1986]), as he failed to establish a prima facie case of discrimination. A disproportionate number of challenges to prospective jurors who are members of a particular racial or ethnic group, without more, is rarely dispositive on the issue of an impermissible discriminatory motive (*see People v Brown*, 97 NY2d 500, 507 [2002]; *People v Childress*, 81 NY2d 263, 267 [1993]). "In the absence of a record demonstrating other circumstances supporting a prima facie showing, the Supreme Court correctly found that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination" (*People v Scott*, 70 AD3d 977, 977 [2010]; *see People v Robert G.*, 241 AD2d 499, 500 [1997]).

The defendant's contention that the Supreme Court failed to administer the "oath of truthfulness" (*People v Hoffler*, 53 AD3d 116, 121 [2008]) to the venirepersons, as required by CPL 270.15 (1) (a), is unpreserved for appellate review (*see People v Schrock*, 73 AD3d 1429, 1432 [2010]; *People v Hampton*, 64 AD3d 872, 877 [2009]). In any event, contrary to the defendant's contention, that oath was administered (*see People v Bridges*, 63 AD3d 752, 753 [2009]).

The defendant contends that he was deprived of his right to be present during the impaneling of the jury (*see People v Fir-*

*rira,* 258 AD2d 666 [1999]). However, the defendant does not dispute that his waiver of his right to be present during sidebar discussions with prospective jurors was knowing, voluntary, and intelligent (*see People v Jackson,* 59 AD3d 736 [2009]; *People v Velasquez,* 298 AD2d 608, 608-609 [2002], *affd* 1 NY3d 44 [2003]; *see generally People v Antommarchi,* 80 NY2d 247, 249-250 [1992]), nor that he waived his right to be present when challenges were made in the robing room regarding prospective jurors (*see People v Jackson,* 236 AD2d 628 [1997]), nor that he was present during the voir dire of the jurors, and the record belies the defendant's contention that he did not have an opportunity to discuss the challenges before they were made. Contrary to the defendant's contention, "the challenges were given effect in his presence when the accepted jurors were sworn in open court" (*People v Santana,* 213 AD2d 568, 568 [1995]; *see People v Firrira,* 258 AD2d at 666; *People v Parks,* 210 AD2d 437 [1994]; *People v Moore,* 209 AD2d 445 [1994]).

The defendant's contention that the Supreme Court erred in instructing the jury on the meaning of the word "deprive," as it related to the count of robbery in the first degree, is unpreserved for appellate review (Penal Law § 155.00 [3]; *see* Penal Law § 160.15 [2]; *People v Fraiser,* 58 AD3d 866 [2009]). In any event, "inasmuch as there is no reasonable view of the evidence under which the defendant did not intend to permanently deprive the complainant of the property, the defendant's challenge to the court's charge as given is without merit" (*People v Fraiser,* 58 AD3d at 866).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

Contrary to the defendant's contention, raised in both his main and supplemental pro se briefs, he was afforded meaningful representation (*see People v Henry,* 95 NY2d 563, 566 [2000]; *People v Ford,* 86 NY2d 397, 404 [1995]).

The remaining contention raised in the defendant's main brief is unpreserved for appellate review and, in any event, is without merit.

The defendant's contention raised in his supplemental pro se brief that the evidence was legally insufficient to support the jury's verdict on the counts of murder in the second degree and robbery in the first degree is unpreserved for appellate review (*see People v Hawkins,* 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), it was legally sufficient to establish the defendant's guilt on those counts beyond a reasonable doubt. Moreover, upon our independent

review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The remaining contentions raised in the defendant's supplemental pro se brief are without merit. Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.