■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO LYONS, Appellant. [942 NYS2d 213]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered December 12, 2006, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court failed to administer the "oath of truthfulness" (*People v Hoffler*, 53 AD3d 116, 121 [2008]) to prospective jurors, as required by CPL 270.15 (1) (a), is unpreserved for appellate review (*see People v Cobb*, 77 AD3d 673, 673 [2010]; *People v Schrock*, 73 AD3d 1429, 1432 [2010]). The defendant did not draw the Supreme Court's "attention to the purported error and has failed to present an adequate record in support of his claim" (*People v Hampton*, 64 AD3d 872, 877 [2009]; *see People v Melendez*, 205 AD2d 392, 393 [1994]; *cf. People v Hoffler*, 53 AD3d at 121).

The defendant contends that the evidence was legally insufficient to establish his guilt of murder in the second degree, as the People failed to prove beyond a reasonable doubt that he shared a common intent with the shooter to kill the victim. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant, with the intent to cause the victim's death, acted in concert with, and intentionally aided, the shooter (*see* Penal Law §§ 20.00, 125.25 [1]; *People v Cancel*, 70 AD3d 960, 960 [2010]; *People v James*, 198 AD2d 146, 147 [1993]; *People v McClary*, 138 AD2d 413, 413-414 [1988]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's request for an adverse inference

charge as a sanction for the prosecution's failure to preserve a gun that allegedly belonged to the victim. The defendant's contention that the prosecution violated its obligation to preserve and disclose the gun under the Federal and New York Constitutions (*see California v Trombetta*, 467 US 479 [1984]; *Brady v Maryland*, 373 US 83 [1963]; *see also* CPL 240.20 [1] [h]) is without merit, since the defendant has not shown that the gun "possesse[d] an exculpatory value evident before its destruction, loss, or failure to preserve" (*People v Jardin*, 88 NY2d 956, 958 [1996]; *see California v Trombetta*, 467 US at 489-490; *People v Radesi*, 11 AD3d 1007, 1007 [2004]; *see also People v Crandall*, 38 AD3d 996, 997 [2007]; *People v Hernandez*, 291 AD2d 263, 264 [2002]; *People v McDonald*, 287 AD2d 655, 656 [2001]).

Further, the Supreme Court properly denied the defendant's request for a justification charge concerning his use of ordinary physical force to restrain the victim at the time when the shooter fired the fatal shot (*see* Penal Law § 35.15 [1]).

The defendant failed to preserve for appellate review his contention that the Supreme Court's evidentiary rulings violated his constitutional rights (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Haddock*, 79 AD3d 1148, 1149 [2010]; *People v Martinez*, 68 AD3d 1757, 1757-1758 [2009]).

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.