■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN MACK, Appellant. [24 NYS3d 381]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered February 14, 2013, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ingram, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court improperly denied that branch of his omnibus motion which was to suppress the showup identification made by the complainant near

the scene of the crime. That contention is without merit. "While the defendant bears the ultimate burden of proving that a showup procedure is unduly suggestive and subject to suppression, the burden is on the People first to produce evidence validating the admission of such evidence" (*People v Ortiz*, 90 NY2d 533, 537 [1997]; *see People v Chipp*, 75 NY2d 327, 335 [1990]). The People's burden of production consists of two elements. First, "the People must demonstrate that the showup was reasonable under the circumstances. Proof that the showup was conducted in close geographic and temporal proximity to the crime will generally satisfy this element of the People's burden" (*People v Ortiz*, 90 NY2d at 537). Second, the People must produce "some evidence relating to the showup itself, in order to demonstrate that the procedure was not unduly suggestive" (*id.*). Once the People have met their twofold burden, the burden shifts to the defendant to show "that the identification procedure was unduly suggestive and subject to suppression" (*People v Calero*, 105 AD3d 864, 865 [2013]; *see People v Dabreo*, 108 AD3d 731, 732 [2013]; *People v Mitchell*, 185 AD2d 249, 251 [1992]).

Here, the People demonstrated that the showup was reasonable under the circumstances by presenting proof that it was conducted within approximately 25 minutes of the crime and within two miles of the crime scene (*see People v Hudson*, 71 AD3d 1046, 1047 [2010]; *People v Rodgers*, 6 AD3d 464, 465 [2004]; *People v Yearwood*, 197 AD2d 554 [1993]). They also met their burden of establishing the lack of any undue suggestiveness through the testimony of the detective who transported the complainant to the showup and who provided a detailed account of the physical circumstances of the procedure (*see People v Jerry*, 126 AD3d 1001, 1002 [2015]; *People v Ervin*, 118 AD3d 910, 911 [2014]). The defendant then failed to satisfy the ultimate burden of proving that the showup procedure was unduly suggestive and subject to suppression. Contrary to the defendant's contention, the showup was not rendered unduly suggestive because he was handcuffed and in the presence of uniformed police officers and police cars (*see People v Jerry*, 126 AD3d 1001, 1002 [2015]; *People v Charles*, 110 AD3d 1094, 1096 [2013]; *People v Gonzalez*, 57 AD3d 560, 561 [2008]), or because it took place in the vicinity of a car crash involving the vehicle used to flee the scene of the crime (*see People v Berry*, 50 AD3d 1047, 1048 [2008]; *People v James*, 2 AD3d 751 [2003]).

The defendant's contention that the Supreme Court failed to administer the oath required by CPL 270.15 (1) (a) to prospec-

tive jurors is unpreserved for appellate review (*see People v Lyons*, 94 AD3d 1020, 1020 [2012]; *People v Cobb*, 77 AD3d 673, 673 [2010]). The defendant did not draw the Supreme Court's attention to the alleged error and has failed to present an adequate record in support of his claim (*see People v Lyons*, 94 AD3d at 1020; *People v Hampton*, 64 AD3d 872, 877 [2009]; *cf. People v Hoffler*, 53 AD3d 116, 121 [2008]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, upon matter outside the record, and thus constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Crosby*, 133 AD3d 681 [2015]; *People v Donovan*, 133 AD3d 615 [2015]; *People v Adamson*, 131 AD3d 701, 703 [2015]). Chambers, J.P., Hall, Austin and Barros, JJ., concur.