People v Heald (2021 NY Slip Op 51192(U))

[*1]

People v Heald (Stephen)

2021 NY Slip Op 51192(U) [73 Misc 3d 140(A)]

Decided on December 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2019-1049 N CR

The People of the State of New York,
Respondent,
against
Stephen Heald, Appellant. 

Bekoff, Feinman, LoPiccolo & Kauffman, PC (Justin Feinman of counsel), for appellant.
Nassau County District Attorney (Sarah S. Rabinowitz and Benjamin A. Kussman of counsel),
for respondent.

Appeal from a judgment of the City Court of Glen Cove, Nassau County (Richard J.
McCord, J.), rendered June 25, 2019. The judgment convicted defendant, upon a jury verdict, of
driving while intoxicated (common law), and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was arrested on June 17, 2017 and charged in a simplified traffic information with
common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). The City
Court did not administer the oath of truthfulness to prospective jurors prior to the start of jury
selection, as required by CPL 270.15 (1) (a). However, this issue "is unpreserved for appellate
review" as "defendant did not draw the [City] Court's attention to the alleged error" (People v
Mack, 135 AD3d 962, 963-964 [2016]; see People v Lyons, 94 AD3d 1020, 1020
[2012]; People v Hampton, 64 AD3d 872, 877 [2009]), and we decline to reach it as a
matter of discretion in the interest of justice.
Prior to the second day of jury selection, defendant attempted to present the judge, through a
court clerk, with a gavel engraved with the judge's name. Defendant explained that he intended it
to be merely a joke gift. Defense counsel moved the judge to recuse himself, which the
prosecutor joined. Judge McCord, in denying the motion, noted that "what occurred here today
will not in any way prevent me [from] address[ing] this case in a fair and impartial ma[nn]er for
all parties and that is the most important thing." Recusal was not mandatory in this situation
(see Judiciary Law § 14). Although discretionary recusal is the correct course of
action [*2]where a judge's "impartiality might reasonably be
questioned" (22 NYCRR 100.3 [C] [1]), here nothing about the City Court's conduct before,
during or after the trial belied that court's reasonable determination that defendant's act would not
impact, in any manner, its ability to be fair. Thus, the court did not improvidently deny
defendant's recusal motion.
According to undisputed trial evidence, while in post-arrest police custody, defendant
complained of pain and was transported to a hospital where he authorized a nurse to draw blood
for medical purposes. During that time, defense counsel called the police station seeking to speak
with defendant, but the two were not then able to speak directly. Due to this miscommunication,
an officer told defendant at the hospital that his attorney wanted him to refuse all testing.
Defendant asserts, and the People concede correctly, that this constituted a violation of his
limited right to counsel. However, this error was harmless. In particular, contrary to defendant's
contention, this error did not mandate trial suppression of the 0.21% BAC result obtained upon
analysis of the blood sample. Defendant either agreed to allow the hospital staff to draw his
blood before his attorney attempted to contact him, or agreed after he was told his attorney
wanted him to refuse. Moreover, the blood sample was procured from the hospital via the
independent means of a judicial subpoena.
Defendant's preserved assertion on appeal that, because the prosecution did not admit
maintenance and calibration records into evidence, the foundational requirement that the gas
chromatograph be in working order was not satisfactorily demonstrated, is unavailing. Certainly,
"[i]n criminal matters the scientific reliability and accuracy of a machine measuring blood
alcohol content for forensic purposes must be established before such test results may be
admitted in evidence" (People v Campbell, 73 NY2d 481, 485 [1989]). However,
testimonial and documentary evidence by the Nassau County Medical Examiner's Office forensic
scientist who analyzed defendant's blood sample, satisfied this prerequisite. Defendant's claim is
further undermined by defense expert witness Dr. Dominic Labianca, a chemist with extensive
research experience concerning the BAC analysis of breath and blood samples, who, by his
testimony, agreed that the gas chromatograph instrument was calibrated and in working order,
and that the procedure followed by the Medical Examiner's Office in analyzing defendant's blood
sample was sound.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9, 2021